**MANNING CURTIS BRADSHAW
   & BEDNAR PLLC**
Chad R. Derum, #9452
Jack T. Nelson, # 13819
136 E. South Temple, Suite 1300
Salt Lake City, Utah  84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
Email: jnelson@mc2b.com
           CDerum@mc2b.com

Daniel S. Reinberg (Admitted Pro Hac Vice)
Asher D. Funk (Admitted Pro Hac Vice)
**POLSINELLI PC**
150 North Riverside Plaza, Suite 3000
Chicago, IL 60606
Phone: (312) 873-3636
Fax: (312) 602-3919
E-Mail: dreinberg@polsinelli.com
           afunk@polsinelli.com

*Attorneys for Defendants Intermountain Healthcare, Inc.
and IHC Health Services, Inc. dba Intermountain Medical Center*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GERALD POLUKOFF, M.D.,<br><br>        Plaintiff/Relator,<br><br>vs.<br><br>ST. MARK'S HOSPITAL, INTERMOUNTAIN HEALTHCARE, INC. INTERMOUNTAIN MEDICAL CENTER SHERMAN SORENSEN, M.D., SORENSON CARDIOVASCULAR GROUP, and HCA, Inc. aka HCA<br><br>        Defendants. | **MOTION TO STAY PROCEEDINGS PENDING CERTIORARI PETITION**<br><br><br><br>Case No.  2:16-cv-00304-TS<br><br>Judge Ted Stewart |

Defendants Intermountain Healthcare, Inc. and Intermountain Medical Center (collectively, "Intermountain") hereby move to temporarily stay all proceedings in this Court pending resolution of Intermountain's petition for a writ of certiorari that it intends to file in the Supreme Court on or before January 14, 2019. Intermountain's certiorari petition is due January 28, 2019, but Intermountain represents that it will file its certiorari petition on an expedited basis by January 14, 2019, without using the full time allowed under the rules or seeking an extension of up to 60 days as permitted by Supreme Court rules.[1]

## PROCEDURAL AND FACTUAL BACKGROUND

In 2012, Relator Gerald Polukoff ("the Relator") brought this False Claims Act ("FCA")[2] action under seal against Defendants St. Mark's Hospital ("St. Mark's"); St. Mark's corporate parent, HCA, Inc. ("HCA"); Intermountain Healthcare, Inc. and Intermountain Medical Center (collectively, "Intermountain); and Dr. Sherman Sorensen and Sorensen Cardiovascular Group (collectively, "Dr. Sorensen") in the Middle District of Tennessee.

In 2015, after the government declined to intervene, the district court unsealed the complaint. Defendants then moved to dismiss, prompting the Relator to file an Amended Complaint. The Relator's Amended Complaint alleges that Defendants violated the FCA by billing the government in connection with medically unnecessary procedures performed by Dr. Sorensen at two Utah hospitals, Intermountain and St. Mark's.

---

[1] *See* S. Ct. Rule 13.5.

[2] 31 U.S.C. § 3729 *et seq.*

After Defendants moved again to dismiss, the Tennessee district court granted HCA's motion to dismiss and transferred the case to this Court without ruling on the remaining motions. In this Court, the remaining Defendants renewed their motions to dismiss.

On January 19, 2017, this Court dismissed the Relator's Amended Complaint, holding—as to all Defendants—that a physician's medical opinion regarding medical necessity cannot be objectively false under the FCA in the absence of a binding government standard, *see* Doc. 205 at 15–21, and—as to Intermountain alone—that Relator failed to satisfy Federal Rule of Civil Procedure 9(b)'s requirement to plead fraud with particularity, *see id*. at 12–13.

On appeal, the Tenth Circuit reversed and remanded for further proceedings. 895 F.3d 730 (10th Cir. 2018). The Court reasoned that it is possible for a medical opinion concerning medical necessity to be false or fraudulent, *id*. at 742–43, and that the Relator was excused from compliance with Rule 9(b) because the relevant information was within Intermountain's exclusive control, *id*. at 745. The Tenth Circuit thereafter denied Intermountain's petition for rehearing en banc and motion to stay the mandate pending resolution of a petition for certiorari.

Intermountain will petition the Supreme Court to decide whether a relator may be excused from pleading fraud with particularity under Rule 9(b) if the relator alleges information is exclusively possessed by a defendant. Intermountain also intends to petition the Supreme Court to decide the following additional question that could terminate the litigation in favor of all Defendants: whether a physician's medical judgment of medical necessity can be objectively false for FCA purposes in the absence of a binding government standard.[3]

---

[3] Intermountain reserves the right to revise the formulation of these questions and to raise additional questions in its petition for a writ of certiorari.

Intermountain's counsel has conferred with counsel for Defendants St. Mark's and Dr. Sorensen regarding this filing. They do not oppose the relief sought by Intermountain in this motion and agree that a stay of proceedings pending a ruling by the United States Supreme Court on any forthcoming petitions for certiorari would be appropriate.

## ARGUMENT

This Court "has inherent power to grant a stay pending the result of other proceedings." *Utah v. Envtl. Restoration, LLC*, No. 2:17-CV-866 TS, 2018 WL 317838, at *1 (D. Utah Jan. 5, 2018) (Stewart, J.) (citation omitted). "[T]his power" is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court considers "(1) whether a stay would promote judicial economy (2) whether a stay would avoid confusion and inconsistent results and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Id*. (quoting *Christensen v. Target Corp.*, No. 2:13-cv-1136, 2014 WL 1224966, at *1 (D. Utah Mar. 24, 2014)). "'In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants.'" *Surefoot L.C. v. Sure Foot Corp.*, No. 2:07-CV-67 TS, 2007 WL 1412931, at *4 (D. Utah May 10, 2007) (Stewart, J.) (quoting *Crown Cent. Petroleum Corp. v. Dept. of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984)).

Here, judicial economy favors staying the proceedings for a few months until the Supreme Court decides whether to grant Intermountain's forthcoming petition for certiorari. Because there is a realistic possibility that the Supreme Court will grant review and vacate the

Tenth Circuit's decision,[4] there is a risk that "tremendous inefficiencies would result" from going forward with the proceedings. *See id.* at *4 (staying proceedings pending related appeal). Staying this matter for a few months to allow the certiorari process to play itself out would avoid confusion and inconsistent results, such as allowing the Relator to burden Intermountain with discovery that should not take place if the Supreme Court ultimately sustains Intermountain's Rule 9(b) argument. *See Caprin v. Simon Transp. Servs.*, 112 F. Supp. 2d 1251, 1255 (D. Utah 2000) ("The purpose of Rule 9(b) is to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." (internal quotation marks omitted)); *see also United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) ("In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later.").

Relator's interest is particularly weak in a case such as this where Relator initiated the suit six years ago, the litigation is still in its early stages, and the stay would only delay the proceedings a few months if the Supreme Court declines to review the case. *See Envtl.*

---

[4] For example, there is a deep division between the circuits regarding whether the plain text of Rule 9(b) must be applied or whether the standard may be relaxed or excused when information is exclusively possessed by a defendant. *Compare United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (excusing Relator from complying with Rule 9(b)); *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 229 (1st Cir. 2004) (similar); *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 n.6 (5th Cir. 2008) (similar); *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 778 (7th Cir. 2016) (similar); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (similar); *with U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) (refusing to relax the pleading standard for Rule 9(b) when information is "uniquely within the defendants' control"); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (same)

*Restoration*, 2018 WL 317838, at *2 (staying proceedings pending resolution of motion to transfer in part because the litigation was "still in its early stages").

Intermountain's interest, by contrast, is especially weighty because Intermountain may lose its Rule 9(b) right to be free of burdensome discovery if the proceedings continue. *Cf. Riederer v. United Healthcare Servs., Inc.*, No. 15-C-1292, 2016 WL 8201782, at *2 (E.D. Wis. Sept. 13, 2016) (staying discovery on claims arguably subject to arbitration pending the resolution of a petition for a writ of certiorari in a similar action raising circuit split; "The reason is clear. If the party seeking arbitration in the district court loses but then wins on appeal, many of the benefits of its arbitration clause are irreparably lost because it has had to litigate in the trial court, incurring expense and delay along the way."). In order to avoid subjecting Intermountain to serious unfairness and to promote judicial economy, the Court should temporarily stay the proceedings until the Supreme Court acts on Intermountain's certiorari petition, and automatically extend the stay if certiorari is granted. *See Thompson v. United States*, No. 2:16CV717DAK, 2016 WL 6407418, at *3 (D. Utah Oct. 28, 2016) (holding that stay granted due to considerations of judicial economy and the need to "proceed[] with caution" where the Supreme Court may dispose of a "significant issue"); *see also Christensen*, 2014 WL 1224966, at *2 ("Because this litigation is still in its early stages . . . , the court finds that plaintiffs will not be prejudiced by staying the action at this time. On the other hand, in the absence of a stay, Target would suffer undue hardship by having to repeat its litigation efforts in more than one forum and being subject to duplicative discovery." (footnote omitted)).

**CONCLUSION**

For the foregoing reasons, Intermountain respectfully requests that this Court temporarily stay proceedings in this Court pending Intermountain's expedited filing of a petition for a writ of certiorari in the Supreme Court, with the stay set to automatically terminate if Intermountain does not file its petition on or before January 14, 2019. If Intermountain files its certiorari petition by that date, the stay should automatically continue until the conclusion of proceedings in the Supreme Court.

DATED this 15th day of November, 2018.

MANNING CURTIS BRADSHAW
& BEDNAR PLLC

*/s/ Jack T. Nelson*
_____
Chad R. Derum
Jack T. Nelson


POLSINELLI PC

Daniel S. Reinberg (Admitted Pro Hac Vice)
Asher D. Funk (Admitted Pro Hac Vice)

*Attorneys for Defendants Intermountain Healthcare, Inc.*
*and IHC Health Services, Inc.*
*dba Intermountain Medical Center*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing **MOTION TO STAY PROCEEDINGS PENDING CERTIORARI PETITION** via the Court's CM/ECF system on this 15th day of November, 2018.

Rhome D. Zabriskie
**ZABRISKIE LAW FIRM LLC**
899 N FREEDOM BLVD #200
PROVO, UT 84604
(801)375-7680
rhomelawyer@yahoo.com
*Counsel for Plaintiff Gerald Polukoff*

Sandra L. Steinvoort
**US ATTORNEY'S OFFICE (UT)**
SALT LAKE CITY, UT 00000
 (801)325-3233
sandra.steinvoort@usdoj.gov
*Counsel for the United States*

Gregory D. Brown
Jessica A. Kasischke
Rand P. Nolen
David L. Hobbs
Kelsey L. Stokes
**Fleming, Nolen & Jez, L.L.P.**
2800 Post Oak Boulevard, Suite 4000
Houston, TX 77056
(713) 621-7944
Fax: (713) 621-9638
Gregory_Brown@fleming-law.com
Rand_Nolen@fleming-law.com
Jessica_Kasischke@fleming-law.com
kelsey_stokes@fleming-law.com
david_hobbs@fleming-law.com
*Counsel for Dr. Gerald Polukoff*

Darren G. Reid
Blaine J. Benard
**HOLLAND & HART, LLP**
(Salt Lake City Office)
222 S Main Street, Suite 2200
Salt Lake City, UT 84101
(801) 799-5952
dgreid@hollandhart.com
bjbenard@hollandhart.com

Gregory E. Goldberg
**HOLLAND & HART, LLP** (Denver Office)
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8099
ggoldberg@hollandhart.com
*Attorneys for Defendants Sherman Sorensen, M.D. and Sorensen Cardiovascular Group*

William David Bridgers
Andrew A. Warth
Wells Trompeter Hoffman
**Waller, Lansden, Dortch & Davis, LLP**
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
(615) 850-8529
Fax: (615) 244-6804
david.bridgers@wallerlaw.com
drew.warth@wallerlaw.com
meredith.toole@wallerlaw.com
*Counsel for HCA, Inc., and St. Mark's Hospital*

D. Loren Washburn
**WASHBURN LAW GROUP**
50 W BROADWAY STE 1010
SALT LAKE CITY, UT 84101
 (801)477-0997

loren@washburnlawgroup.com
*Counsel for HCA, Inc.*


*/s/ Jack T. Nelson*