Rhome Zabriskie
Zabriskie Law Firm, L.L.C.
899 North Freedom Blvd.
Provo, UT  84604
Telephone:  (801) 375-7680
Fax:  (801) 375-7686

Rand P. Nolen
Gregory D. Brown
David L. Hobbs
Fleming, Nolen & Jez, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109
Telephone: (713) 621-7944
Facsimile: (713) 621-9638

*Attorneys for Plaintiff/Relator Dr. Gerald Polukoff*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GERALD POLUKOFF, M.D.<br><br>*Plaintiff/Relator*,<br><br>v.<br><br>ST. MARK'S HOSPITAL, INTERMOUNTAIN HEALTHCARE, INC., INTERMOUNTAIN MEDICAL CENTER, SHERMAN SORENSEN, M.D., SORENSEN CARDIOVASCULAR GROUP,<br><br>*Defendants*. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING CERTIORARI PETITION**<br><br>JURY TRIAL DEMANDED<br><br>Civil No.: 2:16-cv-00304-BCW<br><br>Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff/Relator Dr. Gerald Polukoff, M.D. ("Dr. Polukoff") opposes Defendants Intermountain Healthcare Inc. and Intermountain Medical Center (collectively "Intermountain") request to stay.  This qui tam lawsuit was filed under seal on December 6, 2012.  Yet in six years,

Dr. Polukoff has never been able to conduct any discovery. Dr. Polukoff is eager to commence discovery without further delay, and "Plaintiff's Motion For A Scheduling Order And/Or An Initial Pretrial Scheduling Conference" is currently pending (Dkt. 220).

## BACKGROUND

This case was originally filed in the Middle District of Tennessee. After it was unsealed, the defendants moved to dismiss the complaint. The district court granted Defendant HCA, Inc.'s motion and then held venue in Tennessee was improper. *See United States ex rel. Polukoff v. St. Mark's Hosp.*, No. 3:12-CV-01277, 2016 WL 1449219 (M.D. Tenn. Apr. 13, 2016). The case was transferred to the District of Utah against the remaining defendants—St. Mark's Hospital, Intermountain, Dr. Sherman Sorensen, and Sorensen Cardiovascular Group renewed their respective motions to dismiss.

Dr. Polukoff served discovery on the defendants, but they moved to stay discovery, pending the outcomes of their R. 12(b)(6) motions. Judge Parrish conducted an oral hearing on the motions, then dismissed the case with prejudice and without leave to amend, and deemed the defendants' motions to stay discovery moot. *United States ex rel. Polukoff v. St. Mark's Hosp.*, No. 16-cv-00304, 2017 WL 237615 (D. Utah Jan. 19, 2017).

## INTERMOUNTAIN'S MOTION TO STAY WAS DENIED BY THE TENTH CIRCUIT

Dr. Polukoff appealed Judge Parrish's ruling. The Tenth Circuit Court of Appeals held that Dr. Polukoff's amended complaint satisfied the pleading requirements of Rules 12(b)(6) and 9(b), and reversed and remanded for further proceedings. *United States ex rel. Polukoff v. St. Mark's Hospital*, 895 F.3d 730, 745–46 (10th Cir. 2018). Intermountain filed a petition for rehearing *en banc* which was denied. *United States ex rel. Polukoff v. St. Mark's Hospital*, No. 17-4014 [10600663] (10th Cir., Oct. 29, 2018). A true and correct copy of the Order denying *en*

*banc* rehearing is attached as Exhibit A and incorporated by reference the same as if fully set forth at length.  **No member of the panel, or the entire Tenth Circuit Court of Appeals voted for rehearing.**  Days later, the Intermountain's Motion to Stay the Mandate Pending Filing of a Petition for a *Writ of Certiorari* was also denied.  *United States ex rel. Polukoff v. St. Mark's Hospital*, No. 17-4014 [10600663] (10th Cir., Nov. 5, 2018).  A true and correct copy of the Order denying Intermountain's motion to stay is attached as Exhibit B, and incorporated by reference the same as if fully set forth at length.

A stay of the Tenth Circuit's mandate would have only been appropriate if there was a "substantial possibility that a petition for writ of certiorari would be granted." 10th Cir. R. 41.1(B).  The Tenth Circuit denied Intermountain's request for a stay 11 days ago.  Yet, Intermountain makes precisely the same arguments here about the merits of its writ as it made to the court of appeals.  *Cf. See* Motion To Stay The Mandate Pending The Filing Of A Petition For A Writ Of Certiorari is attached as Exhibit C, and incorporated by reference the same as if fully set forth at length.

The law has not changed in the last 11 days[1]. Whether a stay should be issued pending review by the United States Supreme Court has already been decided against Intermountain and

---

[1] Intermountain's motion should denied because the so-called circuit split is illusory, and it is highly unlikely the Supreme Court will grant cert in this case. In fact, the Supreme Court recently denied two petitions about this precise question. *See Med. Device Bus. Servs., Inc. v. United States ex rel. Nargol*, 138 S. Ct. 1551 (2018) (where the Question Presented was: "Whether a False Claims Act relator can satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement without alleging details about any specific false claim."); *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 138 S. Ct. 2582 (2018) (where the Question Presented was: "Can a False Claims Act relator satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) by alleging facts from which a reasonable person would deem the inference that a false claim was submitted at least as compelling as any opposing inference?"). Recent appellate decisions affirm the Tenth Circuit's decision is entirely correct. See Acosta v Jani-King of Oklahoma, Inc., No. 17-6179 at 8-10 (10th. Cir. 2018); U.S. ex rel Anita Salingo, No. 16-56400 at 8-10 (9th Cir. 2018).

the Tenth Circuit's ruling is the law of this case.

> The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal quotation marks omitted).  Thus, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir.1995).

*Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006); *see also Mason v. Texaco, Inc.,* 948 F.2d 1546, 1553 (10th Cir.1991) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)), *cert. denied,* 504 U.S. 910, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992).

Intermountain's motion implicitly invites this Court not to follow the law of the case.  The Court must decline this invitation and apply the law of the case regarding a stay to this subsequent stage of the proceeding.  *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995).

Motions to stay are not favored when the result is a delay in discovery which prohibits the litigation from moving forward. *Feldman v. Flood,* 176 F. R.D. 651, 652 (M.D.Fla.1997).  The following factors are relevant to the court's decision: (1) whether a stay would promote judicial economy, (2) whether a stay would avoid confusion and inconsistent results, and (3) whether a stay would unduly prejudice the parties or create undue hardship. *Alter v. F.D.I.C.*, 57 F.Supp.3d 1325, 1334–35 (D.Utah,2014).  In this case, Dr. Polukoff has been waiting six years to begin discovery, and the likelihood that the Supreme Court will grant Intermountain review is low, as indicated by the Tenth Circuit's ruling.  Proceeding with discovery at this juncture could not cause confusion or inconsistent results.  And very significantly, "a party must demonstrate a 'clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra, Weinstien, & Co. v. America Online, Inc.,* 206 F.3d 980, 987 (10th Cir.2000)(citing, *Span–Eng Assocs. v. Weidner,* 771 F.2d 464, 468 (10th

4

Cir.1992) (quoting *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Intermountain has failed to demonstrate a "clear case of hardship or inequity," for itself. Rather, the hardship that would happen if a stay is granted is to Dr. Polukoff who would once again be precluded from discovering his case while awaiting the outcome of a low probability legal challenge.

Intermountain is seeking an impermissible second bite at the proverbial legal apple because it has already presented its argument to the Tenth Circuit and has been denied. There is no legal impediment to moving forward at this juncture, and there is not good cause for permitting further delay.

For the above reasons, Plaintiff/Relator Gerald Polukoff, M.D. respectfully asks the Court to deny Intermountain's Motion To Stay Proceedings Pending Certiorari Petition.

Dated: November 16, 2018

                                                Respectfully submitted,

                                                /s/ Rand P. Nolen
                                                Rhome Zabriskie
                                                Zabriskie Law Firm, L.L.C.
                                                899 North Freedom Blvd.
                                                Provo, UT  84604
                                                Telephone:  (801) 375-7680
                                                Fax:  (801) 375-7686
                                                Email:  rhomelawyer@yahoo.com

                                                Rand P. Nolen
                                                Gregory D. Brown
                                                David L. Hobbs
                                                **FLEMING, NOLEN & JEZ, LLP**
                                                2800 Post Oak Blvd., Suite 4000
                                                Houston, TX 77056-6109
                                                Telephone: (713) 621-7944
                                                Facsimile: (713) 621-9638
                                                Email: rand_nolen@fleming-law.com
                                                Email: gregory_brown@fleming-law.com
                                                Email: david_hobbs@fleming-law.com

*Attorneys for Plaintiff/Relator Dr. Gerald Polukoff, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018, I electronically filed **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING CERTIORARI PETITION** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service.

/s/ Rand P. Nolen
Rand P. Nolen