**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
Chad R. Derum, #9542
John (Jack) T. Nelson, #13819
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
cderum@mc2b.com
jnelson@mc2b.com

**POLSINELLI PC**
Daniel S. Reinberg (Admitted Pro Hac Vice)
Asher D. Funk (Admitted Pro Hac Vice)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Phone: (312) 873-3636
Fax: (312) 602-3919
E-Mail: dreinberg@polsinelli.com
          afunk@polsinelli.com

*Attorneys for Defendants Intermountain Healthcare, Inc.*
*and IHC Health Services, Inc. dba Intermountain Medical Center*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GERALD POLUKOFF, M.D., <br><br>    Plaintiff/Relator, <br><br> vs. <br><br> INTERMOUNTAIN HEALTHCARE, INC., INTERMOUNTAIN MEDICAL CENTER, SHERMAN SORENSEN, M.D., and SORENSON CARDIOVASCULAR GROUP, <br><br>    Defendants. | **DEFENDANT INTERMOUNTAIN HEALTHCARE, INC.'S OBJECTION TO MAGISTRATE JUDGE'S ORDER** <br><br> Civil No.: 2:16-cv-00304-BCW |

Pursuant to Fed. R. Civ. P. 72, Defendants Intermountain Healthcare, Inc. and Intermountain Medical Center (collectively, "Intermountain"), through counsel, file this Objection to Magistrate Judge Furse's recent docket entry denying Intermountain's Motion to Stay Proceedings ("Motion").  Intermountain's Motion sought to stay this matter pending resolution of Intermountain's petition for a writ of certiorari, which it intends to file with the Supreme Court on or before January 14, 2019.

## INTRODUCTION

On January 19, 2017, this Court dismissed Relator Gerald Polukoff's ("Relator") Amended Complaint, holding—as to all Defendants—that a physician's medical opinion regarding medical necessity cannot be objectively false under the FCA in the absence of a binding government standard, *see* Doc. 205 at 15–21, and—as to Intermountain—that Relator failed to satisfy Rule 9(b)'s requirement to plead fraud with particularity.  *See id*. at 12–13.  On appeal, the Tenth Circuit reversed and remanded for further proceedings.  895 F.3d 730 (10th Cir. 2018).  The Tenth Circuit reasoned that it was possible for a medical opinion concerning medical necessity to be false or fraudulent, *id*. at 742–43, and that Relator was excused from compliance with Rule 9(b) because the relevant information was within Intermountain's exclusive control, *id*. at 745.  The Tenth Circuit then denied Intermountain's petition for rehearing en banc and motion to stay the mandate pending resolution of a petition for certiorari.

Intermountain is now in the process of petitioning the Supreme Court to review the Tenth Circuit's ruling.  On or before January 14, 2019, Intermountain will petition the Supreme Court to decide whether a relator may be excused from pleading fraud with particularity under Rule

9(b) if Relator alleges information is exclusively possessed by a defendant. It will also ask the Court to decide whether a physician's medical judgment of medical necessity can be objectively false for FCA purposes in the absence of a binding government standard.[1] Given that Intermountain's petition, if accepted, would be potentially dispositive of Relator's claims and the fact that Intermountain will lose the intended benefit of Rule 9(b) if discovery proceeds, Intermountain moved this Court to stay discovery until its petition could be resolved.

On November 16, 2018, this Court referred Intermountain's Motion to the Magistrate Judge. Doc. 223. Relator responded on the same day, *see* Doc. No. 226, and Intermountain filed its Reply on November 30, 2018. On December 10, 2018, without a hearing and in a single line docket entry, Magistrate Judge Furse denied Intermountain's Motion to Stay. *See* Doc. 229. Intermountain objects to Magistrate Judge Furse's Docket Text Order and requests the District Court reconsider Intermountain's Motion and stay this matter pending consideration of its petition for writ of certiorari. While it is unclear what the basis for Magistrate Judge Furse's ruling was, as addressed below, a stay is appropriate in this case because it will promote judicial economy, avoid potentially inconsistent results, and will not prejudice Relator.

## ARGUMENT

### I. A Stay of Discovery is Warranted Pending Resolution of Intermountain's Petition.

This Court "has inherent power to grant a stay pending the result of other proceedings." *Utah v. Envtl. Restoration, LLC*, No. 2:17-CV-866 TS, 2018 WL 317838, at *1 (D. Utah Jan. 5, 2018) (citation omitted). "[T]his power" is "incidental to the power inherent in every court to

---

[1] Intermountain reserves the right to revise the formulation of these questions and to raise additional questions in its petition.

{01789425.DOCX /}                                2

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This Court has identified three factors it considers when granting a stay: "(1) whether a stay would promote judicial economy (2) whether a stay would avoid confusion and inconsistent results and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Id.* (quoting *Christensen v. Target Corp.*, No. 2:13-cv-1136, 2014 WL 1224966, at *1 (D. Utah Mar. 24, 2014)). "In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants." *Surefoot L.C. v. Sure Foot Corp.*, No. 2:07-CV-67 TS, 2007 WL 1412931, at *4 (D. Utah May 10, 2007) (quotations omitted). Each of these factors favors a stay.

### A.   Judicial Economy Favors Staying Discovery.

Here, judicial economy favors staying the proceedings for a few months until the Supreme Court decides whether to grant Intermountain's forthcoming petition for certiorari. Because there is a realistic possibility that the Supreme Court will grant review and vacate the Tenth Circuit's decision,[2] there is a risk that "tremendous inefficiencies would result" from going

---

[2] For example, there is a deep division between the circuits regarding whether the plain text of Rule 9(b) must be applied or whether the standard may be relaxed or excused when information is exclusively possessed by a defendant. *Compare United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (excusing Relator from complying with Rule 9(b)); *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 229 (1st Cir. 2004) (similar); *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 n.6 (5th Cir. 2008) (similar); *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 778 (7th Cir. 2016) (similar); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (similar); *with U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) (refusing to relax the pleading standard for Rule 9(b) when information is "uniquely within the defendants' control"); *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 n.25 (11th Cir. 2002) (same).

forward with the proceedings. *See id.* at *4 (staying proceedings pending related appeal). This case, which has the potential to involve discovery of hundreds of patients' medical records and the intricacies of hundreds of complex heart catheterization surgeries over the course of nearly a decade, will be costly and time consuming for this Court and all the parties involved. If Intermountain's petition is denied, it will come at the expense of only a short delay, and if it is granted, all involved will have avoided a tremendous amount of potentially costly, complex and likely contentious discovery.

      **B.**      **Staying Discovery Will Avoid Potentially Inconsistent Results.**

Staying this matter for a few months to allow the certiorari process to play itself out will also avoid confusion and potentially inconsistent results, such as allowing Relator to burden Intermountain with discovery that should not take place if the Supreme Court ultimately sustains Intermountain's Rule 9(b) argument. *See Caprin v. Simon Transp. Servs.*, 112 F. Supp. 2d 1251, 1255 (D. Utah 2000) ("The purpose of Rule 9(b) is to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." (internal quotation marks omitted)); *see also United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) ("In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later."). Perhaps more importantly, it will prevent this Court from potentially allowing Relator to conduct discovery that may be found to be in contravention of Intermountain's Rule 9(b) right to be free of burdensome discovery. *Cf. Riederer v. United Healthcare Servs., Inc.*, No. 15-C-1292, 2016 WL 8201782, at *2 (E.D. Wis. Sept. 13, 2016) (staying discovery on claims arguably subject to arbitration pending the

resolution of a petition for a writ of certiorari in a similar action raising circuit split; "The reason is clear. If the party seeking arbitration in the district court loses but then wins on appeal, many of the benefits of its arbitration clause are irreparably lost because it has had to litigate in the trial court, incurring expense and delay along the way.").

### C. Staying Discovery Will Not Prejudice Relator.

Any claimed prejudice to Relator is particularly weak in a case such as this, given that Relator initiated the suit six years ago,[3] the litigation is still in its early stages, and the stay would only delay the proceedings a few months if the Supreme Court declines to review the case. *See Envtl. Restoration*, 2018 WL 317838, at *2 (staying proceedings pending resolution of motion to transfer in part because the litigation was "still in its early stages"). In order to avoid subjecting Intermountain to serious unfairness and to promote judicial economy, the Court should temporarily stay the proceedings until the Supreme Court acts on Intermountain's certiorari petition, and automatically extend the stay if certiorari is granted. *See Thompson v. United States*, No. 2:16CV717DAK, 2016 WL 6407418, at *3 (D. Utah Oct. 28, 2016) (holding that stay is granted due to considerations of judicial economy and the need to "proceed[] with caution" where the Supreme Court may dispose of a "significant issue"); *see also Christensen*, 2014 WL 1224966, at *2 ("Because this litigation is still in its early stages . . . , the court finds that plaintiffs will not be prejudiced by staying the action at this time. On the other hand, in the absence of a stay, Target would suffer undue hardship by having to repeat its litigation efforts in more than one forum and being subject to duplicative discovery." (footnote omitted)).

---

[3] It is also worth noting that most of this time came not from Defendants' previously successful defense efforts, but from the government's investigation, after which it ultimately chose not to intervene in this matter.

{01789425.DOCX /}  5

## II.     Relator's Opposition to Intermountain's Request is Unsupported.

In his opposition to Intermountain's Motion, Relator raised two primary arguments: First, he argued the Tenth Circuit's decision not to stay its mandate was preclusive of Intermountain's request.  *See* Doc. 226, 2-4.  Second, he argued only that he would suffer prejudice from any further delay.  *Id.*, 4-5.  Neither of these arguments support denial of Intermountain's Motion.

### A.     The Law of the Case Doctrine is Inapplicable.

Relator simply misapplied the law of the case doctrine.  "Law of the case principles do not bar a district court from acting unless an appellate decision has issued on the merits of the claim sought to be precluded."  *Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty.*, 69 F.3d 406, 409 (10th Cir. 1995) (internal quotation marks omitted).  Intermountain never sought a stay of the proceedings in this Court under its inherent authority pending certiorari.  Thus, a decision on that issue has never been appealed and the Tenth Circuit has never ruled upon it.

The Tenth Circuit denied a stay of *its* mandate, which was to "REVERSE and REMAND this case for further proceedings," which has occurred.  Now that the case is before this Court for "further proceedings," it has inherent authority to control its docket and to temporarily stay those proceedings for reasons of judicial efficiency in light of other proceedings.  *See Envtl. Restoration, LLC*, 2018 WL 317838, at *1; *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis*, 299 U.S. at 254 (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with the economy of time and effort for itself, for counsel, and for litigants").

### B. All Three Prongs of this Court's Test for Granting a Stay, Including Harm to Intermountain, Support Granting the Stay.

As addressed above, a short stay to resolve Intermountain's petition will cause little harm to Relator. Moreover, the other two prongs of the test this District applies when deciding to stay proceedings support such a stay. *See Envtl. Restoration,* 2018 WL 317838, at *1 (identifying judicial economy, avoidance of inconsistency or confusion, and undue hardship as the three factors considered by this Court in granting a stay). In his prior response, Relator failed to argue that judicial economy—the first factor—or inconsistent results—the second factor—favor his position. Instead, Relator addressed only the third factor—the relative harm suffered by each party, supports denial of Intermountain's request.

Contrary to Relator's contention, judicial economy favors entering a stay because it would waste the Court's and the parties' time and resources to proceed only to have the Supreme Court potentially vacate and remand for dismissal in several months. *Surefoot L.C.*, 2007 WL 1412931, at *4; *see also U.S. Bank, Nat'l Ass'n v. SFR Inv. Pool I, LLC*, No. 215CV00218KJDNJK, 2017 WL 1025172, at *3 (D. Nev. Mar. 15, 2017) ("Staying this case pending the Supreme Court's disposition of the petitions for certiorari . . . will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources."). Also, there is a genuine risk of confusion and inconsistent results if the Supreme Court is reviewing whether Relator has alleged sufficient facts to proceed to discovery while Relator is already pursuing the same.

Despite only addressing the harm prong, Relator fails to discuss the most glaring harm: that Intermountain would have to engage in discovery despite its intention to file a petition for certiorari to review the Tenth Circuit's Rule 9(b) ruling and despite Rule 9(b)'s role as the "gatekeeper to discovery." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Intermountain cannot obtain effective relief from the Supreme Court if discovery proceeds, something that substantially harms Intermountain. By contrast, Relator previously identified that he would suffer no harm if the stay were entered, besides a short delay in proceedings when the proceedings have already been ongoing for six years and were already significantly delayed in order to allow the United States to contemplate intervention. *See* Orders Granting Extension of Time to Consider Intervention (ECF Nos. 12, 19, 26, 30, 34); *see also Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006) (staying case "a few months" pending resolution of petition for certiorari because "the Court cannot fathom[] how the requested stay could cause [the defendants] any prejudice" and noting "[s]uch stays are entered quite routinely"); *Smithkline Beecham Corp. v. Apotex Corp.*, No. CIV.A. 00-CV-1393, 2004 WL 1615307, at *9 (E.D. Pa. July 16, 2004) (entering stay in part "because the requested stay is of moderate length, and not of indefinite duration which requires a party to take affirmative steps for dissolution" (internal quotation marks omitted)). Because Intermountain will suffer substantial harm and Relator will not, this factor—like the other two factors—weighs heavily in favor of entering a stay.[4]

---

[4] In a footnote in his prior opposition, Relator cites two recently denied petitions that are unrelated to the Rule 9(b) issue Intermountain will petition the Supreme Court to review. In both *Medical Device Business Services, Inc. v. United States ex rel. Nargol*, 138 S. Ct. 1551 (2018), and *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 138 S. Ct. 2582 (2018), the issue

{01789425.DOCX /} 8

## CONCLUSION

For the foregoing reasons, Intermountain objects to Magistrate Judge Furse's denial of its Motion to Stay and respectfully requests this Court temporarily stay proceedings pending Intermountain's expedited filing of a petition for a writ of certiorari in the Supreme Court, with the stay set to automatically terminate if Intermountain does not file its petition on or before January 14, 2019. If Intermountain files its certiorari petition by that date, the stay should automatically continue until the conclusion of proceedings in the Supreme Court.

DATED this 14th day of December, 2018.

> MANNING CURTIS BRADSHAW
>    & BEDNAR PLLC
>
> /s/ Jack T. Nelson
> Chad R. Derum
> Jack T. Nelson
>
> POLSINELLI PC
> Daniel S. Reinberg (Admitted Pro Hac Vice)
> Asher D. Funk (Admitted Pro Hac Vice)
>
> *Attorneys for Defendants Intermountain Healthcare, Inc.*
> *and IHC Health Services, Inc.*
> *dba Intermountain Medical Center*

---

was whether specific examples of false claims are needed to satisfy Rule 9(b)'s requirements. But here, Intermountain will present the question of whether relators may be excused from satisfying the heightened pleading requirement of Rule 9(b) when a relator alleges information is exclusively possessed by the defendant.  Courts of Appeals have expressly recognized a split regarding the issue that Intermountain will raise, making it an excellent candidate for Supreme Court review.  *See United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 559 (8th Cir. 2006) ("[S]ome courts have recognized in theory that the particularity requirements of Rule 9(b) may be relaxed in an FCA qui tam action where the information relevant to the fraud is peculiarly within the perpetrator's knowledge. . . .  We join the more recent decisions and therefore reject [relator's] request to permit discovery to satisfy Rule 9(b)." (internal quotation marks and citations omitted)).

{01789425.DOCX /}                              9

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing **DEFENDANT INTERMOUNTAIN HEALTHCARE, INC.'S OBJECTION TO MAGISTRATE JUDGE'S ORDER** via the Court's CM/ECF system on this 14th day of December, 2018.

Rhome D. Zabriskie
**ZABRISKIE LAW FIRM LLC**
899 N FREEDOM BLVD #200
PROVO, UT 84604
(801)375-7680
rhomelawyer@yahoo.com
*Counsel for Plaintiff Gerald Polukoff*

Sandra L. Steinvoort
**US ATTORNEY'S OFFICE (UT)**
SALT LAKE CITY, UT 00000
 (801)325-3233
sandra.steinvoort@usdoj.gov
*Counsel for the United States*

Gregory D. Brown
Jessica A. Kasischke
Rand P. Nolen
David L. Hobbs
Kelsey L. Stokes
**Fleming, Nolen & Jez, L.L.P.**
2800 Post Oak Boulevard, Suite 4000
Houston, TX 77056
(713) 621-7944
Fax: (713) 621-9638
Gregory_Brown@fleming-law.com
Rand_Nolen@fleming-law.com
Jessica_Kasischke@fleming-law.com
kelsey_stokes@fleming-law.com
david_hobbs@fleming-law.com
*Counsel for Dr. Gerald Polukoff*

Darren G. Reid
Blaine J. Benard
**HOLLAND & HART, LLP**
(Salt Lake City Office)
222 S Main Street, Suite 2200
Salt Lake City, UT 84101
(801) 799-5952
dgreid@hollandhart.com
bjbenard@hollandhart.com

Gregory E. Goldberg
**HOLLAND & HART, LLP** (Denver Office)
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8099
ggoldberg@hollandhart.com
*Attorneys for Defendants Sherman Sorensen, M.D. and Sorensen Cardiovascular Group*

William David Bridgers
Andrew A. Warth
Wells Trompeter Hoffman
**Waller, Lansden, Dortch & Davis, LLP**
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
(615) 850-8529
Fax: (615) 244-6804
david.bridgers@wallerlaw.com
drew.warth@wallerlaw.com
meredith.toole@wallerlaw.com
*Counsel for HCA, Inc., and St. Mark's Hospital*

                                                D. Loren Washburn
                                                **WASHBURN LAW GROUP**
                                                50 W BROADWAY STE 1010
                                                SALT LAKE CITY, UT 84101
                                                (801)477-0997
                                                loren@washburnlawgroup.com
                                                *Counsel for HCA, Inc.*


                                                */s/ Jack T. Nelson*