PETER STIRBA (Bar No. 3118)
MATTHEW STROUT (Bar No. 16732)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: peter@stirba.com
E-mail: mstrout@stirba.com

*Attorneys for Defendants, Sherman Sorensen,*
 *M.D. and Sorensen Cardiovascular Group*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., GERALD POLUKOFF, M.D., | **DEFENDANTS SHERMAN SORENSEN AND SORENSEN CARDIOVASCULAR GROUP'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS AND MOTION, IN THE ALTERNATIVE, FOR LEAVE TO TAKE ADDITIONAL DISCOVERY** |
| Plaintiff/Relator, | |
| v. | |
| ST. MARK'S HOSPITAL, INTERMOUNTAIN HEALTHCARE, INC., INTERMOUNTAIN MEDICAL CENTER, SHERMAN SORENSEN, M.D., SORENSEN CARDIOVASCULAR GROUP, | Case No. 2:16-cv-00304-TS-EJF |
| | Judge Ted Stewart |
| Defendants. | Magistrate Judge Evelyn J. Furse |

Defendants Sherman Sorensen, M.D. and Sorensen Cardiovascular Group ("Defendants" or "Sorensen Defendants"), by and through their undersigned counsel, respectfully submit their Motion for Partial Summary Judgment on Statute of Limitations Grounds and Motion, in the Alternative, for Leave to Take Additional Discovery ("Motion").

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

INTRODUCTION AND RELIEF SOUGHT ............................................................................ 1

STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................................ 2

ARGUMENT ............................................................................................................................. 3

    I.       Summary Judgment Standard ................................................................................ 3

    II.     *Cochise Consultancy, Inc.* Does Not Apply Retroactively and Relator's Claims Are
           Partially Barred By the Statute of Limitations ............................................. 3
       A.   *Cochise Consultancy* Does Not Apply Retroactively ..................................... 4
       B.   All Alleged FCA Violations that Occurred in this Case Prior to December 6, 2006 are
           Time-Barred ........................................................................................... 8

    III.    In the Alternative, the Court Should Grant Defendants Additional Time to Take
           Discovery ....................................................................................................... 9

    CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Chevron Oil Co. v. Huson,*
404 U.S. 97 (1971)..................................................................................... 6

*Cochise Consultancy, Inc. v. United States ex rel. Hunt,*
2019 WL 2078086 (U.S. May 13, 2019) ....................................... 1, 4, 5

*Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.,*
391 F.3d 401 (2d Cir. 2004)...................................................................... 7

*Landgraf v. USI Film Prod.,*
511 U.S. 244 (1994)................................................................................... 7

*Pfeiffer v. Hartford Fire Ins. Co.,*
929 F.2d 1484 (10th Cir. 1991) ............................................................... 6

*Ribeau v. Katt,*
681 F.3d 1190 (10th Cir. 2012) ............................................................... 3

*Roberts v. C.R. England, Inc.,*
2013 WL 5275942 (D. Utah Sept. 18, 2013)......................................... 9

*Smith v. United States,*
287 F.2d 299 (5th Cir. 1961) .................................................................... 5

*Tabor v. Hilti, Inc.,*
703 F.3d 1206 (10th Cir. 2013) ............................................................... 3

*U.S. ex rel. Cericola v. Fed. Nat. Mortg. Assoc.,*
529 F. Supp. 2d 1139 (C.D. Cal. 2007) .................................................. 5

*U.S. ex rel. Foster v. Bristol-Myers Squibb Co.,*
587 F. Supp.2d 805 (E.D. Tex. 2008)...................................................... 4

*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,*
472 F.3d 702 (10th Cir. 2006) ..................................................... 1, 4, 5, 8

*U.S. ex rel. Told v. Interwest Const. Co.,*
267 Fed.Appx. 807 (10th Cir. 2008) ..................................................... 10

*U.S. v. Nicholson,*
983 F.2d 983 (10th Cir.1993) ................................................................. 10

*U.S., ex rel. Colunga v. Hercules Inc.,*
1998 WL 310481 (D. Utah Mar. 6, 1998) .............................................. 5

*United States ex rel. Aflatooni v. Kitsap Physicians Serv.,*
314 F.3d 995 (9th Cir.2002) .................................................................... 5

*United States ex rel. Tracy,*
2018 WL 3111687 ................................................................................... 10

*United States v. Rivera,*
55 F.3d 703, 707 (1st Cir.1995)............................................................... 5

**Statutes**

31 U.S.C. § 3729(a)(1)......................................................................................................... 2

31 U.S.C. § 3731........................................................................................................ *passim*

**Regulations**

32 C.F.R. § 199.7(d) ............................................................................................................ 9

42 C.F.R. § 424.44(a)........................................................................................................... 9

42 C.F.R. § 447.45(d)(1)...................................................................................................... 9

## INTRODUCTION AND RELIEF SOUGHT

On December 6, 2012, Plaintiff/Relator Gerald Polukoff, M.D. ("Relator") filed a

Complaint for Damages and Other Relief Under the False Claims Act. *See* Dkt. 1. Relator filed

an Amended Complaint on December 3, 2015. *See* Dkt. 90. In the Amended Complaint, Relator

alleges that, from "at least December 2002 through at least December 2011 and beyond, the

Defendants made or caused to be made false claims and statements to federal health care

programs to obtain reimbursement" for medical procedures that were allegedly "not medically

necessary." *Id*. ¶ 2.

Prior to May 13, 2019, which was two days before this Motion was filed, controlling

Tenth Circuit precedent dictated that the statute of limitations in False Claims Act ("FCA") cases

where the government has not intervened is six years from the date the alleged FCA violation

occurred. *See U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725

(10th Cir. 2006). This means that, in the present case, all alleged FCA violations that occurred

before December 6, 2006 – i.e. more than six years before the original Complaint was filed, are

barred by the statute of limitations.

On May 13, 2019, the Supreme Court of the United States abrogated *Sikkenga* and held

that additional, and potentially longer, limitations periods are applicable to FCA cases like the

one at bar. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt,* No. 18-315, 2019 WL

2078086 (U.S. May 13, 2019). However, for the reasons discussed below, the Supreme Court's

holding should not be given retroactive effect, thus the six-year statute of limitations should still

apply in the present case. Defendants therefore respectfully request that the Court grants their

Motion for Partial Summary Judgment and holds that all alleged FCA violations that occurred

before December 6, 2006 are time-barred. In the alternative, given the recency of the Supreme Court's decision and the fact that it abrogated Tenth Circuit precedent that had been in place for over a decade, Defendants respectfully request that the Court grants Defendants an additional 60 days to take discovery and permits them to renew their Motion for Partial Summary Judgment on Statute of Limitations Grounds after that discovery is complete, if renewal is warranted.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Relator filed his Complaint on December 6, 2012. Relator pled four counts for alleged violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A-C) and (G). *See* Dkt. 1.

2.      Approximately three years later, on December 3, 2015, Relator filed an Amended Complaint containing the same four causes of action as the original Complaint. *See* Dkt. 90.

3.      Relator alleges that "[f]rom at least December 2002 through at least December 2011 and beyond, the Defendants made or caused to be made false claims and statements to federal health care programs to obtain reimbursement for cardiac, surgical, and diagnostic procedures that were not medically necessary or were otherwise improperly billed."[1] *Id.* ¶ 2.

4.      In the Amended Complaint, Relator provides what he alleges to be a "listing of those medically unnecessary PFO closures and the related procedures" performed by Dr. Sorensen. Some of the entries on this list have dates of service that predate December 6, 2006. For example, there are entries for procedures identified by procedure code 93307 or 93307-26

---

[1]      This paragraph, and the other paragraphs in the Statement of Undisputed Material Facts, pertain only to the fact that Relator made certain allegations in the Amended Complaint. They should not be misconstrued as admissions that any of the allegations are true or accurate. Defendants deny that they performed any medically unnecessary procedures or made any false claims or statements to any federal health care program. *See* Answer to Am. Complaint ¶ 2, Dkt. 248.

2

that were performed on June 13, 2000, December 3, 2002, August 15, 2006, and October 1,

2006. *Id.* ¶ 143 at pp. 49, 61, 76, and 78.

5.      The Amended Complaint also alleges that Dr. Sorensen performed a PFO closure

on April 4, 2006 that was medically unnecessary. *Id.* ¶ 144(a).

6.      The United States Government declined to intervene in this action. *See* Notice of

Election to Decline Intervention, Dkt. 35.

## ARGUMENT

### I.      SUMMARY JUDGMENT STANDARD

Summary judgment must be granted when there is no genuine issue as to any material

fact and the moving party is entitled to judgment as a matter of law. *Ribeau v. Katt*, 681 F.3d

1190, 1194 (10th Cir. 2012). When applying this standard, courts view the evidence and draw

reasonable inferences therefrom in the light most favorable to the non-moving party. *Id.* A fact is

material if, under the applicable law, "it could have an effect on the outcome of the lawsuit."

*Tabor v. Hilti, Inc*., 703 F.3d 1206, 1215 (10th Cir. 2013). A genuine dispute over a material fact

exists if "a rational jury could find in favor of the nonmoving party on the evidence

presented." *Id.* If a rational jury could not find in favor of the nonmoving party, summary

judgment must be entered. *Id.*

### II.      *COCHISE CONSULTANCY, INC.* DOES NOT APPLY RETROACTIVELY AND RELATOR'S CLAIMS ARE PARTIALLY BARRED BY THE STATUTE OF LIMITATIONS

The False Claims Act contains three statutes of limitations. Specifically, 31 U.S.C. §

3731 provides:

(b) A civil action under section 3730 may not be brought--

> (1) more than 6 years after the date on which the violation of section 3729 is committed, or

> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

Whichever occurs last.

In 2006, the Tenth Circuit Court of Appeals held that only the six-year limitations period in Subsection (b)(1) applies to FCA actions to which the United States is not a party. *See Sikkenga*, 472 F.3d at 723–725. Thirteen years later, the Supreme Court upended this long-established rule and held that both Subsection (b)(1) and (b)(2) apply to all civil FCA lawsuits, regardless of whether the government intervenes. *See Cochise Consultancy, Inc*, 2019 WL 2078086, at *2. However, for the foregoing reasons, *Cochise Consultancy* does not have retroactive effect. As a result, only the six-year limitations period applies to the present case, and it partially bars Relator's claims.

### A.  *Cochise Consultancy* Does Not Apply Retroactively

Section 3731 does not explicitly state whether both Subsections (b)(1) and (b)(2) apply in cases where the government has not intervened. But in 2006, the *Sikkenga* Court unequivocally held that only Subsection (b)(1) applies to FCA actions to which the United States is not a party. *Sikkenga*, 472 F.3d at 723, 725; *see also U.S. ex rel. Foster v. Bristol-Myers Squibb Co.,* 587 F.Supp.2d 805, 814 (E.D. Tex. 2008) (noting that the *Sikkenga* Court limited 31 U.S.C. § 3731(b)(2) to cases where the government intervenes). The *Sikkenga* Court reasoned that Subsection (b)(2) has no application to those cases because, *inter alia*, a private relator is not an

"official of the United States" and "Congress could not have intended to base a statute of limitations on the knowledge of a non-party." *Sikkenga*, 472 F.3d 702 at 726.

Accordingly, pursuant to *Sikkenga*, an FCA action, where the government does not intervene, must be brought within six years after the alleged violations occurred. Any alleged violations that occurred outside of that time period are not actionable. A "violation" occurs when the false claim is presented to the government. *U.S. ex rel. Foster v. Bristol-Myers Squibb Co*., 587 F.Supp.2d 805, 816 (E.D. Tex. 2008) (citing *Smith v. United States*, 287 F.2d 299, 303 (5th Cir. 1961)); *U.S. ex rel. Cericola v. Fed. Nat. Mortg. Assoc.*, 529 F.Supp.2d 1139, 1147 (C.D. Cal. 2007) (citing *United States ex rel. Aflatooni v. Kitsap Physicians Serv*., 314 F.3d 995, 1002 (9th Cir.2002)); *U.S., ex rel. Colunga v. Hercules Inc*., 1998 WL 310481, at *2 (D. Utah Mar. 6, 1998) (citing *United States v. Rivera,*55 F.3d 703, 707 (1st Cir.1995) and *Smith*, 287 F.2d at 304) (declined to follow by *Sikkenga* on other grounds).

On May 13, 2019, two days before this Motion was filed, the Supreme Court issued an opinion abrogating *Sikkenga*. In a purely textual analysis, the Court held that all of the limitations periods in 31 U.S.C. § 3731, including Subsection (b)(2), apply in all FCA cases. *Cochise Consultancy, Inc*, 2019 WL 2078086, at *2. The Court further held that the statute of limitations in Subsection (b)(2) begins to run when the government official charged with responsibility to act knows, or has reason to know, about the alleged fraud.[2] *Id.* at **5-6. The relator's actual or constructive knowledge of the alleged fraud is irrelevant. *Id.*

---

[2]      The Court issued no opinion on who that government official may be.

This decision should not be applied retroactively. In determining whether a judicial decision should be given retroactive effect, courts apply the factors set out by the Supreme Court in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 (1971). These factors are:

> (1) whether the more recent rule or decision establishes "a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;"

> (2) whether, given the history, purpose and effect of the new rule, retroactive application of this rule will further or retard its operation; and

> (3) whether retroactive application of the new rule "could produce substantial inequitable results."

*Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1494 (10th Cir. 1991) (quoting *Chevron,* 404 U.S. at 106–07). These factors are "generally considered on a case-by-case basis to determine whether a new rule of law should be applied retroactively." *Id.*

*Cochise Consultancy* should not be applied retroactively because it upended long-established Tenth Circuit precedent and dramatically changed the law. Moreover, retroactive application would potentially have a severe prejudicial effect on Defendants and similarly situated litigants in other cases. The statute of limitations in Subsection (b)(2) that the Supreme Court has imposed on all FCA actions amounts to a drastic increase in the limitations period. Under *Sikkenga*, defendants, in cases where the government is not a party, are potentially liable for up to six years of alleged pre-complaint FCA violations. Under *Cochise Consultancy*, the same defendants are potentially liable for up to ten years of alleged pre-complaint violations.[3] It

---

[3]     Retroactive application of *Cochise Consultancy* would also be unfair as a matter of discovery and proof. As discussed above, the Subsection (b)(2) limitations period begins to run when the government has actual or constructive knowledge of the facts material to the alleged fraud. As a practical matter, it is difficult and highly burdensome for *qui tam* defendants to

is plain to see why retroactive application of the *Cochise* rule would produce "substantial inequitable results," particularly in a case like this where the Relator seeks recovery for alleged FCA violations that would be time-barred under precedent that was abrogated during the pendency of the case:

> Extending the statute of limitations retroactively "increase[s] [a defendant's] liability for past conduct" by increasing the period of time during which a defendant can be sued. This effect is particularly prevalent in the context of claims that have already expired. Resurrection of such claims puts defendants back at risk at a point when defendants reasonably believe they are immune from litigation, stripping them of a complete affirmative defense they previously possessed and may have reasonably relied upon.

*Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.,* 391 F.3d 401, 410 (2d Cir. 2004), *as amended* (Jan. 7, 2005) (quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994)).[4]

In addition to the foregoing, retroactive application would not further the purpose behind Subsection (b)(2). The Supreme Court in *Cochise Consultancy* did not analyze the policy or intent behind Subsection (b)(2) or the False Claims Act in general, but the *Sikkenga* Court did. In holding that only the six-year limitations period in Subsection (b)(1) applies to private *qui tam* relators, the *Sikkenga* Court observed that "Congress viewed qui tam prosecutions as providing a means to achieve *rapid* exposure of fraud against the public [treasury], unencumbered by the

---

attempt to discover when the government knew, or should have known, about the facts underlying the relator's cause of action.

[4]     *Enter. Mortg. Acceptance Co.* pertained to whether a statute applied retroactively to revive certain claims. But its above-quoted observations apply with equal force to the present case. Regardless of whether a limitations period is increased by statute or by judicial decision, the effect on defendants is the same.

lack of resources or the bureaucracy inherent in enforcement by public authorities." *Sikkenga*, 472 F.3d at 725 (emphasis in original). With that goal in mind, Subsection (b)(2) was simply "intended to provide the *Department of Justice* with a little more flexibility in bringing some cases that otherwise would be barred." *Id.* (internal citations to congressional records omitted) (emphasis added). Neither of these purposes would be served by retroactively applying *Cochise Consultancy* to the present case. If anything, increasing the limitations period to up to ten years would delay resolution of this action by piling on extra claims that the Court would have to resolve. Additionally, the government declined intervention in this case, so it does not need any additional "flexibility."

For the foregoing reasons, the *Chevron* factors resolve in favor of Defendants and against retroactive application of the *Cochise Consultancy* decision. That decision "overruled clear past precedent," and retroactive application "could produce substantial inequitable results" and would not further the purposes behind, or the operation of, the FCA in general or Subsection (b)(2) specifically. Defendants therefore respectfully request that the Court holds that *Cochise Consultancy* does not apply retroactively and that only Subsection (b)(1) applies to Relator's causes of action.

### B.  All Alleged FCA Violations that Occurred in this Case Prior to December 6, 2006 are Time-Barred

Since the United States has not intervened in this action, only the six-year limitations period in Subsection (b)(1) applies. Relator filed his original Complaint on December 6, 2012, thus any allegedly false claims that Defendants submitted to the government prior to December 6, 2006 are not actionable. The same is true for any other alleged violations of the FCA that occurred prior to that date.

The Amended Complaint only lists the dates of service for the procedures performed by Dr. Sorensen that were allegedly medically unnecessary. *See* Am. Compl. ¶ 143. It does not provide the dates Defendants submitted claims for payment to the federal government. *Id.* However, claims for services rendered before December 6, 2005 could not have been submitted to Medicare or TRICARE/CHAMPUS on or after December 6, 2006. Thus, the claims for these services must have been submitted outside of the statute of limitations. This is because Medicaid and TRICARE/CHAMPUS regulations require claims for payment to be submitted no later than 12 months from the date of service, subject to strictly limited exceptions. 42 C.F.R. § 447.45(d)(1); 32 C.F.R. § 199.7(d). Similarly, any claims for services rendered before September 6, 2004 could not have been submitted to Medicaid on or after December 6, 2006. This is because prior to January 1, 2010, Medicare regulations required claims for payment to be filed within 15 to 27 months after the date of service, subject to strictly limited exceptions. *See* 42 C.F.R. § 424.44(a). Accordingly, any claims for payment for services that were rendered before the foregoing dates are not actionable, nor are any claims for payment that Defendants actually submitted before December 6, 2006 regardless of when the services were rendered.

### III.   IN THE ALTERNATIVE, THE COURT SHOULD GRANT DEFENDANTS ADDITIONAL TIME TO TAKE DISCOVERY

If the Court determines that *Cochise Consultancy* applies retroactively to this case, Defendants respectfully request that the Court grants them 60 days to take discovery and permits them to renew their Motion for Partial Summary Judgment on Statute of Limitations Grounds after such discovery is complete. Doing so is within the Court's discretion, and it would promote the fair and just resolution of this case. *See Roberts v. C.R. England, Inc*., 2013 WL 5275942, at *3 (D. Utah Sept. 18, 2013) (stating that courts have wide discretion to control their dockets as

they see fit) (citing *U.S. v. Nicholson,* 983 F.2d 983, 988 (10th Cir.1993) (additional citations omitted).

As discussed above, *Sikkenga* was controlling precedent for thirteen years. Courts in the Tenth Circuit repeatedly reaffirmed that it was valid and binding. *See, e.g. U.S. ex rel. Told v. Interwest Const. Co.,* 267 Fed.Appx. 807, 809 (10th Cir. 2008) (unpublished) (declining to reconsider *Sikkenga* because the court was "bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court."); *United States ex rel. Tracy*, 2018 WL 3111687, at *3 (same). Defendants had been operating under this precedent, and relying on it, for the entirety of this litigation, and they could not have been reasonably expected to anticipate its abrogation.

Prior to the issuance of the *Conchise Consultancy* decision, there was no need for Defendants to conduct discovery about when the government knew, or should have known, about the facts underlying Relator's causes of action. Under *Sikkenga*, the six-year statute of limitations period began to run when the alleged violations occurred. Whether the government knew, or should have known, about the alleged violations was irrelevant. *Conchise Consultancy* has changed that, and the actual and constructive knowledge of the federal government is now critical, because it determines when the three-year statute of limitations begins to run.

Pursuant to this Court's Scheduling Order, Defendants had to file their Motion for Partial Summary Judgment on Statute of Limitations Grounds by May 15, 2019. *See* Dkt. 262. *Conchise Consultancy* was decided two days before that deadline. It would have been impossible for

10

Defendants to obtain discovery about the government's actual or constructive knowledge within that two-day period.[5]

Due to the fact that *Conchise Consultancy* dramatically, and suddenly, changed the law and there was insufficient time for Defendants to adjust and act accordingly, the Court should allow Defendants 60 days to take additional discovery and to renew their Motion for Partial Summary Judgment on Statute of Limitations Grounds after that discovery is complete, if renewal is warranted.

## CONCLUSION

For the foregoing reasons, Defendants Sherman Sorensen, M.D. and Sorensen Cardiovascular Group, respectfully request that the Court grants their Motion for Partial Summary Judgment on Statute of Limitations Grounds. In the alternative, Defendants respectfully request that the Court permits them to renew their Motion after having the opportunity to conduct additional discovery.

DATED:  May 15, 2019

**STIRBA, P.C.**

/s/ Matthew Strout
PETER STIRBA
MATTHEW STROUT
*Attorneys for Defendants Sherman Sorensen, M.D., and Sorensen Cardiovascular Group*

---

[5]     In addition, note that Stirba, P.C. replaced Holland & Hart as counsel for the Sorensen Defendants on May 1, 2019. *See* Dkt. 263. Stirba P.C. was not previously involved in this *qui tam* case in any capacity.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019, I electronically filed the foregoing

**DEFENDANTS SHERMAN SORENSEN AND SORENSEN CARDIOVASCULAR**

**GROUP'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STATUTE OF**

**LIMITATIONS GROUNDS AND MOTION, IN THE ALTERNATIVE, FOR LEAVE TO**

**TAKE ADDITIONAL DISCOVERY** with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to the CM/ECF participants registered to receive

service.

/s/ Matthew Strout
Matthew Strout