PETER STIRBA (Bar No. 3118)
MATTHEW STROUT (Bar No. 16732)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: peter@stirba.com
E-mail: mstrout@stirba.com

*Attorneys for Defendants, Sherman Sorensen,*
*M.D. and Sorensen Cardiovascular Group*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., GERALD POLUKOFF, M.D.,<br><br>     Plaintiff/Relator,<br><br>v.<br><br>ST. MARK'S HOSPITAL, INTERMOUNTAIN HEALTHCARE, INC., INTERMOUNTAIN MEDICAL CENTER, SHERMAN SORENSEN, M.D., SORENSEN CARDIOVASCULAR GROUP,<br><br>     Defendants. | **DEFENDANTS SHERMAN SORENSEN AND SORENSEN CARDIOVASCULAR GROUP'S OPPOSITION TO RELATOR/PLAINTIFF'S MOTION FOR LEAVE TO AMEND RELATOR/PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:16-cv-00304-TS-EJF<br><br>Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

Defendants, Sherman Sorensen, M.D. and Sorensen Cardiovascular Group ("Defendants" or "Sorensen Defendants"), by and through their undersigned counsel, respectfully submit their Opposition to Relator/Plaintiff's Motion for Leave to Amend Relator/Plaintiff's Complaint.

1

## INTRODUCTION

Relator's Motion for Leave to Amend Relator/Plaintiff's Complaint ("Motion") should be denied. Relator contends that he should be permitted to file a second amended complaint because he has purportedly "discovered additional information" since he filed his first Amended Complaint in December 2015 and because Relator has recently entered into settlement agreements with two Defendants. Relator's argument rings hollow, as he provides no reason for why the foregoing justifies amendment. Indeed, Relator fails to provide even the basic facts necessary to support his Motion, such as what the "additional information" is, when he discovered it, and why he did not seek leave to amend sooner. This, in itself, warrants denial of Relator's Motion.

Even if Relator had provided the foregoing basic information, his Motion would not be meritorious. The new allegations in the proposed Second Amended Complaint ("Proposed SAC") that have dates associated with them pertain to publications and events of public record that occurred in 2017 or earlier, with only one exception. Indeed, most of them occurred in 2015 or earlier. As explained below, Relator knew, or should have known, about these publications and events years ago, and he has no explanation for his delay in seeking to add them to the operative pleading in this case. Accordingly, Relator's Motion should also be denied on the basis of undue delay.

## RELEVANT PROCEDURAL BACKGROUND

This case has been pending for nearly seven years. Relator/Plaintiff Gerald Polukoff ("Relator") filed his original Complaint under seal on December 6, 2012. *See* Dkt. 1. The Complaint was unsealed on June 19, 2015 after the federal government declined to intervene,

and Relator filed an Amended Complaint on December 3, 2015. *See* Dkt. 35, 36, 90.  On January

19, 2017, the Court granted Defendants' Motion to Dismiss Relator's Complaint. *See* Dkt. 205.

Relator appealed, and the Tenth Circuit Court of Appeals reversed and remanded on July 9,

2018. *See* Dkt. 218. The Tenth Circuit issued its mandate on November 6, 2018, and the case

was reopened in this Court the next day. *See id.*

The Sorensen Defendants filed an Answer and Counterclaim on January 25, 2019. *See*

Dkt. 248. The other Defendants in this action filed their answers on that same day. *See* Dkt. 246,

249. Over four months later, on June 3, 2019, Relator filed the present Motion and Proposed

SAC. *See* Dkt. 270. The Proposed SAC pleads the same causes of action as the Amended

Complaint, but it adds certain factual allegations, as discussed herein. *See* Dkt. 270-2.

## ARGUMENT

### I.      STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of

course, subject to certain time limitations. If a party has already amended its pleading, or if the

time limits of Rule 15 have expired, the party may only amend its pleading by stipulation or with

leave of court. Fed. R. Civ. P. 15(a)(2). Courts should permit amendment when the moving party

establishes that "justice so requires." *See Zabriskie v. ReconTrust Co.,* 2008 WL 11393085, at *8

(D. Utah Nov. 12, 2008). If the moving party fails to do so, its motion must be denied. *See id.*

Courts should also deny leave to amend when there has been a showing of  "undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety,*

*City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Undue delay occurs when the moving party knew about the facts on which the proposed amendment is based "for some time" prior to filing the motion to amend, and it has "no adequate explanation" for the delay. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).[1] *See also Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) ("Where a party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.")

In the Tenth Circuit, undue delay "alone is an adequate reason to refuse leave to amend." *Duncan*, 397 F.3d at 1315; *Hedger*, 726 F. App'x at 683. *See also Donnell v. Taylor*, 2010 WL 3200239, at *3 (D. Utah Aug. 12, 2010) ("Undue delay alone can justify a court's denial") (citing *Minter*, 451 F.3d 1196, 1206 (10th Cir. 2006)). Thus, a court does not need to find prejudice, bad faith, a dilatory motive, or futility in conjunction with undue delay in order to deny a motion to amend. *See Minter,* 451 F.3d at 1205–06.

II.   **REALTOR'S MOTION SHOULD BE DENIED BECAUSE HE FAILED TO MEET HIS BURDEN AND HAS NO EXPLANATION FOR HIS UNDUE DELAY**

Relator argues that he should be granted leave to amend because he has purportedly "discovered additional information relating to the non-settling defendants [sic] conduct." *See* Relator's Mot. at 5. However, Relator provides no explanation or details about this "additional information" or the timing or circumstances of its discovery. Relator does not identify what the

---

[1]    The proposition in *Minter* that denial of a motion to amend is warranted if the moving party has "no adequate explanation" for its delay is well established in the Tenth Circuit. *See Hedger v. Kramer*, 726 F. App'x 677, 683 (10th Cir. 2018) (unpublished); *Griffeth v. United States*, 2014 WL 3386038, at *4 (D. Utah July 9, 2014), *aff'd*, 672 F. App'x 806 (10th Cir. 2016); *Zisumbo v. Ogden Regional Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015).

"additional information" is. Nor does he specify when he discovered it, other than stating that he

discovered it at some point "since the only prior amendment in 2015." Relator also does not

explain why he waited until June 3, 2019 to seek leave to amend. These glaring deficiencies in

themselves warrant denial of Relator's Motion because Relator had the "burden of demonstrating

that justice requires that [he] be granted leave to amend [his] complaint," and he utterly failed to

do so. *Zabriskie,* 2008 WL 11393085, at *8.

Relator's silence is telling, as is the fact that the new allegations in the Proposed SAC

that are identified by date pertain to publicly available articles, guidelines, and other publications

released by Dr. Sorensen or various organizations such as the American Heart Association, as

well as actions taken by the FDA, in 2017 and earlier.[2] *See* Proposed SAC ¶¶ 89-100, 122.

Indeed, most of these publications and actions were released or occurred between 1999 and

2015,[3] yet Relator failed to include them in the Amended Complaint he filed on December 3,

---

[2]     More specifically, the Proposed SAC contains a list of guidelines, articles, bulletins, policies, and other publications (collectively, "publications") released by the American Heart Association, the American Academy of Neurology, other public health organizations, insurance companies, PFO/ASD device manufacturers, and Dr. Sorensen between 1999 and 2017, as well as a single publication released in 2018. *See* Proposed SAC ¶¶ 89-93, 98, 122. The Proposed SAC also attaches many of these publications as exhibits. Additionally, the Proposed SAC alleges that the FDA took certain actions with respect to certain PFO/ASD closure devices and made certain recommendations about PFO/ASD closures between 1999 and 2016. *See id.* ¶¶ 94-97. Lastly, the Proposed SAC also alleges, among other things, that Dr. Sorensen made certain misrepresentations to patients. *See* ¶¶ 123-125 However, there are no dates associated with these allegations, and, like with the other new allegations, Relator did not specify when he discovered these purported misrepresentations, nor did he explain why they are relevant to this *qui tam* action or why he is only now seeking to add them to the Amended Complaint.

[3]     At least 22 of the publications and actions referenced in paragraphs 89-100 and 122 of the Proposed SAC were released or occurred in 2015 or earlier. Only 10 were released or occurred after 2015.

2015. Relator could not credibly argue, nor does he, that he did not know, or that he had no reason to know, about these public documents and actions when he filed his Amended Complaint. Similarly, Relator could not credibly argue that he only recently found out about the publications that were released, or the public actions that were taken, in 2016 and 2017.

As discussed above, Relator provides no explanation for why he has delayed seeking to amend the Amended Complaint to include the foregoing allegations. Because Relator has no explanation, let alone an "adequate" one, for his delay, his Motion should be denied.

## III.   THE FACT THAT RELATOR HAS REACHED A SETTLEMENT AGREEMENT WITH TWO DEFENDANTS DOES NOT WARRANT GRANTING LEAVE TO AMEND

In addition to Realtor's unsupported argument about his discovery of "additional information," Relator argues that he should be granted leave to amend because he has entered into a settlement agreement with two Defendants, Intermountain Healthcare, Inc. and Intermountain Medical Center ("Intermountain Defendants"). This does not justify permitting Relator to file a SAC that adds numerous allegations against the remaining Defendants that Relator knew about, or should have known about, years ago. The Intermountain Defendants can be voluntarily dismissed from this action via a stipulation or court order pursuant to Fed. R. Civ. P. 41. The pleadings need not be amended.

Relator also notes that Defendant HCA, Inc. was previously dismissed from this litigation by the United States District Court for the Middle District of Tennessee. This occurred on April 13, 2016, and it is unclear how it has any relevance to Relator's Motion. The proposed SAC contains the same allegations against HCA, Inc. as the Amended Complaint. Indeed, these

allegations span five pages and have their own section heading, "Background on HCA." Thus, the fact that HCA was dismissed from this action is immaterial.

Permitting Relator to file a SAC would not move the ball down the court or advance the "just, speedy, and inexpensive determination" of this litigation. Fed. R. Civ. P. 1. The proposed SAC adds no new causes of action, so it appears that Relator is attempting to bolster his existing causes of action. However, this case has already been pending for almost seven years, and Defendants' motions to dismiss have already been litigated in this Court and on appeal. Thus, Defendants are seeking leave to amend for no apparent purpose. Granting leave to amend would therefore accomplish little, if anything, other than delaying the ultimate resolution of this case by needlessly restarting the pleading process.

## CONCLUSION

Relator should not be permitted to file a second amended complaint because: (1) Relator failed to meet his burden of establishing that justice requires allowing his amendment; (2) Relator has engaged in undue delay; and (3) permitting amendment would needlessly delay resolution of this case. The Sorensen Defendants therefore respectfully request that the Court denies Relator's Motion for Leave to Amend.

DATED:  June 14, 2019

**STIRBA, P.C.**

/s/ Matthew Strout
PETER STIRBA
MATTHEW STROUT
*Attorneys for Defendants Sherman
Sorensen, M.D., and Sorensen
Cardiovascular Group*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, I electronically filed the foregoing

**DEFENDANTS SHERMAN SORENSEN AND SORENSEN CARDIOVASCULAR**

**GROUP'S OPPOSITION TO RELATOR/PLAINTIFF'S MOTION FOR LEAVE TO**

**AMEND RELATOR/PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to the CM/ECF participants

registered to receive service.

/s/ Matthew Strout
Matthew Strout