IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GERALD POLUKOFF,<br><br>Plaintiff/Relator,<br><br>v.<br><br>ST. MARK'S HOSPITAL; INTERMOUNTAIN HEALTHCARE, INC.; IMTERMOUNTAIN MEDICAL CENTER; SHERMAN SORENSEN; and SORENSEN CARDIOVASCULAR GROUP;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY<br><br>Case No. 2:16-CV-304 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion for Leave to Take Additional Discovery filed by Defendants Sherman Sorensen and Sorensen Cardiovascular Group (collectively, "Defendants"). For the reasons set forth below, the Court will grant the Motion.

Defendants originally filed a Motion for Partial Summary Judgment and, in the alternative, Motion for Leave to Take Additional Discovery.[1] However, Defendants withdrew their Motion for Partial Summary Judgment in their Reply to Relator's Opposition to the Motion for Partial Summary Judgment,[2] leaving only the Motion for Leave to Take Additional Discovery.

Defendants request time for additional discovery because of a change in legal landscape that affects the nature of discovery Defendants must complete. Prior to May 13, 2019, Tenth Circuit precedent dictated that the statute of limitations for False Claims Act ("FCA") cases

---

[1] Docket No. 267.

[2] Docket No. 276.

brought by private qui tam relators without U.S. government intervention was six years from the alleged violation.³ The FCA tolling provision under 31 U.S.C. § 3731(b)(2), according to Tenth Circuit interpretation, did not apply to such relators and could not operate to extend the six-year limitation.⁴ However, on May 13, 2019—two days before the deadline for Defendants to file a motion on statute of limitations grounds—the Supreme Court held that this tolling provision does in fact apply to private qui tam relators bringing FCA claims, even where the government does not join the action.⁵ Application of this tolling provision makes it critical to identify when "the official of the Unites States charged with responsibility to act in the circumstances" knew or should have known the relevant facts underlying an FCA claim.⁶ This is because tolling under § 3731(b)(2) allows for claims to be brought within three years from that date of actual or constructive knowledge, or ten years from the violation, whichever occurs last.⁷ Defendants argue this change in the legal landscape necessitates discovery concerning when the relevant federal government official had actual or constructive knowledge of the FCA violation.⁸ This was not a relevant inquiry under the previous Tenth Circuit interpretation of § 3731(b)(2).⁹ Plaintiff opposes Defendants' request, but the Court finds that Defendants' argument is compelling.

---

³ *See U.S. ex rel Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006).

⁴ *Id.*

⁵ *See Cochise Consultancy, Inc. v. U.S. ex rel. Hunt,* 139 S. Ct. 1507, 1510 (2019).

⁶ 31 U.S.C. § 3731(b)(2).

⁷ *Id.*

⁸ *See* Docket No. 276, at 3–5.

⁹ *See Sikkenga*, 472 F.3d at 725.

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." And the Tenth Circuit has provided that a change in law is an example of what may constitute good cause.

> In practice, [the Rule 16(b)(4)] standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.[10]

In light of the change in law from *Cochise*, and this Court's "strong preference for resolving cases on the merits, rather than on procedural technicalities,"[11] the Court finds that Defendants have shown good cause for an additional sixty days of discovery. The Court, therefore, grants the Motion. The Court further grants Defendants thirty days after the discovery period has run to file, if appropriate, a motion for summary judgment on the statute of limitations.

It is therefore

ORDERED that Plaintiff's Motion for Leave to Take Additional Discovery (Docket No. 267) is GRANTED as set forth above.

DATED this 16th day of September 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[10] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (second alteration in original).

[11] *inContact, Inc. v. Sell at Home, LLC*, No. 2:10-CV-1125-TS-PMW, 2011 WL 6151458, at *5 (D. Utah Dec. 12, 2011).