IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GERALD POLUKOFF, M.D.,<br><br>                Plaintiff/Relator,<br><br>v.<br><br>ST. MARK'S HOSPITAL; INTERMOUNTAIN HEALTHCARE, INC.; INTERMOUNTAIN MEDICAL CENTER; SHERMAN SORENSEN, M.D.; and SORENSEN CARDIOVASCULAR GROUP,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DR. POLUKOFF'S MOTION TO DISMISS DR. SORENSEN'S COUNTERCLAIM<br><br><br>Case No. 2:16-CV-304 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Counterclaim Defendant Dr. Polukoff's Amended Motion to Dismiss ("Motion") Dr. Sorensen's Counterclaim. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Counterclaimant Sherman G. Sorensen, M.D. ("Dr. Sorensen") is a retired cardiologist recognized in Utah for performing septal defect ("ASD") and patent foramen ovale ("PFO") closures.[1] Counterclaim Defendant Gerald Polukoff, M.D. ("Dr. Polukoff") is a cardiologist who worked in Dr. Sorensen's employ from about August to November 2011.[2] On December 3, 2015, Dr. Polukoff filed this qui tam action as Relator ("*Polukoff*"), alleging that Dr. Sorensen performed medically unnecessary ASD and PFO closures, fraudulently collecting payment from

---

[1] Docket No. 248 ¶¶ 7-8.

[2] Docket No. 289 ¶ 11.

the United States Government in violation of the False Claims Act, 31 U.S.C. §§ 3729–32.[3] On January 19, 2018, Dr. Sorensen filed a complaint ("*Sorensen*") against Dr. Polukoff and his attorneys making allegations based on facts related to Dr. Polukoff's former employment with Dr. Sorensen and his alleged unauthorized access to and theft of a hard drive containing patient information.[4] Dr. Sorensen now files the Counterclaim before the Court, alleging that Dr. Polukoff misappropriated trade secrets[5] and breached contracts in violation of Utah law.[6] Dr. Polukoff seeks dismissal of all claims arguing that (1) they are barred by the relevant statutes of limitations, (2) they fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), (3) Counterclaimant is judicially estopped from bringing such claims, and (4) the Counterclaim is barred by claim preclusion.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Counterclaimant as the nonmoving party.[7] Counterclaimant must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-[Counterclaim-Defendant]-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels

---

[3] *See* Docket No. 90.

[4] *See* Complaint, *Sorensen v. Polukoff et al.*, Case No. 2:18-CV-00067 (D. Utah Jan. 19, 2018), ECF No. 2.

[5] *See* Utah Code Ann. §§ 13-24-1 to -9.

[6] Docket No. 248 ¶¶ 61-78.

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [or counterclaimant's] complaint alone is legally sufficient to state a claim for which relief may be granted."[11] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[13] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] The court "may consider documents referred to in the complaint if the documents are central to the plaintiff's [or counterclaimant's] claim and the parties do not dispute the documents' authenticity."[15]

---

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[13] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[14] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[15] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## III. DISCUSSION

a. Claim Preclusion and Claim-Splitting

Counterclaim Defendant argues that claim preclusion bars Dr. Sorensen from bringing the Counterclaim, as he has already brought similar claims in *Sorensen*. This is incorrect because claim preclusion requires there to be a final judgment on the merits in the first case, which does not exist in *Sorensen*.

> Under Utah law, for an order or judgment to be final, it must dispose of the case as *to all the parties,* and finally dispose of the subject-matter of the litigation on the merits of the case. In other words, a judgment is final when it ends the controversy between the parties litigant.[16]

The court in *Sorensen* did not resolve the state-law claims asserted by Dr. Sorensen and dismissed them without prejudice. Therefore, the judgment cannot be termed "final" as to those claims.[17]

However, a doctrine related to claim preclusion—that of claim-splitting—does bar the Counterclaim. This doctrine gives district courts "discretion to control their dockets by dismissing duplicative cases."[18] More specifically,

> The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste

---

[16] *Gonzales v. Artspace Affordable Hous., LP*, 534 F. App'x. 740, 742 (10th Cir. 2013) (quoting *Bradbury v. Valencia,* 5 P.3d 649, 651 (Utah 2000) (internal quotation marks omitted)).

[17] *See Cooter &. Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("'[D]ismissal . . . without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits," Rule 41(a)(1), and thus does not have a res judicata effect."); *Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1311 n.5 (10th Cir. 1998) ("Because a refusal to exercise supplemental jurisdiction means the district court is without subject matter jurisdiction, there can be no res judicata effect in state court when the district court has recourse to 28 U.S.C. § 1367(c).").

[18] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

"scarce judicial resources" and undermine "the efficient and comprehensive disposition of cases."[19]

Claim-splitting is analyzed "as an aspect of res judicata."[20] However, the Tenth Circuit has clarified that it differs from conventional res judicata—also known as claim preclusion—in one important regard: "a final judgment is not a necessary component of the claim-splitting analysis."[21] "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."[22]

In *Mitchell v. City of Moore, Oklahoma*, the Tenth Circuit held that "[i]n our Circuit, '[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'"[23] "Put another way, the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action."[24] As claim-splitting assumes finality of judgment for the first prong analysis, the Court turns now to the second and third prong requirements.

In *Sorensen*, Dr. Sorensen is Plaintiff and Dr. Polukoff and his attorneys are listed Defendants. In the present case, Dr. Sorensen is Counterclaimant and Dr. Polukoff is Counterclaim Defendant. There is no dispute that, in both cases, Dr. Sorensen and Dr. Polukoff are Plaintiff and Defendant parties. The only remaining question for claim-splitting analysis is

---

[19] *Id.* (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)).

[20] *Id.* at 1217 (quoting *Hartsel*, 296 F.3d at 986).

[21] *Id.* at 1218.

[22] *Id.*

[23] *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)).

[24] *Id.* (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992), *cert denied*, 506 U.S. 832 (1992)).

whether Dr. Sorensen's claims under *Sorensen* represent the same causes of action as those in the present case.

The Tenth Circuit has "adopted the transactional approach of the Restatement (Second) of Judgments to determine what constitutes a 'cause of action' for res judicata purposes."[25]

> The "transactional" approach provides that a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.[26]

Here, Dr. Sorensen alleges misappropriation of trade secrets and breach of contract. In *Sorensen*, he previously alleged against Dr. Polukoff participation in a RICO enterprise through a pattern of racketeering activity, violation of HIPAA, misappropriation of trade secrets, and conversion. The factual background sections for the *Sorensen* complaint and the Counterclaim make clear that both sets of allegations are based on the same facts.[27] These include facts related to Dr. Sorensen and Dr. Polukoff's business relationship, their exploration of the possibility that Dr. Sorensen might turn over his practice to Dr. Polukoff, Dr. Polukoff's alleged unauthorized theft of a hard drive containing patient information, and Dr. Polukoff's alleged unauthorized use and/or disclosure of that information.[28] In addition, they are based on the same employment relationship between Dr. Sorensen and Dr. Polukoff. The Tenth Circuit "repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or

---

[25] *King v. Union Oil Co., of Cal.,* 117 F.3d 443, 445 (10th Cir. 1997) (citing *Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir. 1988)).

[26] *Id.* (quoting *Lowell Stats Mining Co., Inc., v. Phila. Elec. Co.,* 878 F.2d 1271, 1274 (10th Cir. 1989) (internal quotation marks and citations omitted)).

[27] *See* Docket No. 248 ¶¶ 7-60; Complaint ¶¶ 9-74, *Sorensen v. Polukoff et al.*, Case No. 2:18-CV-00067 (D. Utah Jan. 19, 2018), ECF No. 2.

[28] *See* Docket No. 248 ¶¶ 7-60; Complaint ¶¶ 9-74, *Sorensen v. Polukoff et al.*, Case No. 2:18-CV-00067 (D. Utah Jan. 19, 2018), ECF No. 2.

series of transactions for claim preclusion purposes.'"[29] "Under the rule against claim-splitting, Plaintiff [or Counterclaimant] is required to bring all of these related claims in a single action. This is true even when . . . the claim does not mature until after the initial complaint has been filed."[30]

Counterclaimant was required to bring all claims related to the facts underlying this case in a single action. There is no reason why the Counterclaim's allegations could not have been brought together with the claims in *Sorensen*. As such, the rule against claim-splitting precludes Dr. Sorensen from bringing such claims here. The Court remains receptive to meritorious claims in this case. However, it would note that it has no interest to participate in any personal *tete-a-tete* between parties without legal basis. Nor does it wish to entertain tactical maneuvering used in place of sound argument.

  b. Statute of Limitations

In the alternative, the claim for misappropriation of trade secrets is also time-barred in this case. Under Utah law, a claim for misappropriation of trade secrets is subject to a three-year statute of limitations.[31] This means it must be brought "within three years after the misappropriation is discovered, or by the exercise of reasonable diligence, should have been discovered."[32] The parties agree that December 3, 2015, is a reasonable bookend for when discovery of the alleged misappropriation should have taken place.[33] This is the date when Counterclaim Defendant filed his Amended Complaint, publicly disclosing details about the

---

[29] *Wilkes v. Wyo. Dep't. of Emp't,* 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell,* 218 F.3d at 1202).

[30] *Catlin v. Salt Lake City Sch. Dist.,* No. 2:09-CV-777TS, 2011 WL 939349, at *3 (D. Utah Mar. 16, 2011).

[31] Utah Code Ann. § 13-24-7.

[32] *Id.*

[33] *See* Docket No. 254, at 6; Docket No. 264, at 10.

allegedly stolen hard drive that gave rise to the misappropriation claim.[34] As such, absent tolling, the statute of limitations would run through December 3, 2018.

Counterclaimant argues this three-year time period should be tolled by operation of 28 U.S.C. §1367(d).[35] This argument fails. Section 1367(d) applies to situations in which state law claims are brought in federal court through exercise of supplemental jurisdiction and then dismissed without prejudice.[36] Section 1367(d) provides additional time for the plaintiff to refile those claims in state court.[37] The tolling contemplated in § 1367(d), therefore, does not apply where, as here, a party's state law claims are dismissed from federal court and he then attempts to refile in federal court.[38] As such, the three-year statute of limitations remains in place and the claim for misappropriation of trade secrets in this case is time-barred.[39]

---

[34] Docket No. 90.

[35] *See* Docket No. 264, at 9-11.

[36] *See Artis v. D.C.*, 138 S. Ct. 594, 599 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court.").

[37] *Id.*

[38] *See Jinks v. Richland Cty.*, 538 U.S. 456, 459 (2003) ("[S]ome claims asserted under § 1367(a) will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be refiled in state court.); *Vincent v. Money Store*, 915 F. Supp. 2d 553, 560 (S.D.N.Y. 2013) ("Section 1367(d) is not a mechanism to frustrate the dismissal of claims in federal court by simply refiling them. It provides an opportunity to pursue those claims in state court."*); Parish v. HBO & Co.*, 85 F. Supp. 2d 792, 795-96 (S.D. Ohio 1999) ("the Court disagrees that § 1367(d) operates when the supplemental claim is refiled in federal court, as opposed to state court . . . The Court finds no evidence that § 1367 was intended to act as a savings statute, allowing a plaintiff to refile in *federal court*.").

[39] Counterclaimant does not address whether the deadline for filing his claim should extend beyond December 3, 2018 by operation of statutory tolling under Utah Code § 13-24-7. Therefore, the Court does not examine this avenue for tolling.

## IV. LEAVE TO AMEND

Counterclaimant argues that the Motion should be denied but adds, as an alternate form of relief, a request for the opportunity to amend his Counterclaim.[40] He has not, however, filed any motion for leave to amend. Generally, once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[41] Federal Rule of Civil Procedure 15(a) specifies that "[t]he court should freely give leave when justice so requires."[42] The Supreme Court has indicated that leave sought should be given unless "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment"[43] is present. However, the party seeking leave to amend outside of a hearing or trial must do so by written motion in accordance with Rule 7(b)(1).[44] Such a request cannot be simply tacked onto other pleadings.[45] The Tenth Circuit has regularly found that "[s]uch cursory requests for leave to amend are insufficient."[46]

---

[40] Docket No. 264, at 24.

[41] Fed. R. Civ. P. 15(a)(2).

[42] *Id.*

[43] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[44] *See* Fed. R. Civ. P. 7(b)(1).

[45] *See* DUCivR 7-1(b)(1)(A) (requiring all motions to be filed in a separate document).

[46] *Bangerter v. Roach*, 467 F. App'x. 787, 789 (10th Cir. 2012); *see Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) ("[Plaintiff] did not file a written motion for leave to amend; instead, in her opposition to the motion to dismiss, she merely suggested she should be allowed to amend if the court concluded her pleadings were infirm. This is insufficient"); *Glenn v. First Nat'l Bank in Grand Junction,* 868 F.2d 368, 370 (10th Cir. 1989) (affirming dismissal of plaintiff's complaint for failure to state a claim and finding plaintiff's request to amend insufficient as it was included in briefing only as an alternative form of relief and not made through formal motion).

## V. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Dismiss the Counterclaim (Docket No. 254) is GRANTED.

DATED this 25rd day of September 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge