PETER STIRBA (Bar No. 3118)
MATTHEW STROUT (Bar No. 16732)
**STIRBA, P.C.**
215 South State Street, Suite 750
P.O. Box 810
Salt Lake City, Utah 84110-0810
Telephone: (801) 364-8300
Facsimile: (801) 364-8355
E-mail: peter@stirba.com
       mstrout@stirba.com

*Attorneys for Defendants, Sherman Sorensen,*
*M.D. and Sorensen Cardiovascular Group*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., GERALD POLUKOFF, M.D.,<br><br>Plaintiff/Relator,<br><br>v.<br><br>ST. MARK'S HOSPITAL, SHERMAN SORENSEN, M.D., and SORENSEN CARDIOVASCULAR GROUP,<br><br>Defendants. | **SORENSEN DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTIONS BEFORE THE COURT**<br><br>Case No. 2:16-cv-00304-TS-EJF<br><br>Judge Ted Stewart<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants, Sherman Sorensen, M.D. and Sorensen Cardiovascular Group ("Sorensen Defendants"), by and through their undersigned counsel, respectfully move this Court to enter an order staying discovery until its motions pending before the court are resolved.

1

# INTRODUCTION[1]

On August 12, 2019, Dr. Gerald Polukoff ("Relator") filed his Second Amended Complaint against Sherman Sorensen, M.D., Sorensen Cardiovascular Group ("Sorensen Defendants"), and St. Mark's Hospital. St Mark's Hospital answered the Second Amended Complaint on September 26, 2019. *See* Answer to Second Amended Complaint St. Marks, Docket No. 294. Sorensen Defendants answered the Second Amended Complaint on September 27, 2019. *See* Answer to Second Amended Complaint, Docket No. 295.

Discovery in this case is active and ongoing.[2] Expert discovery on the issue of standard of care/medical necessity of PFO/ASD closures in the medical community will close on December 16, 2019. *See* Amended Scheduling Order, Docket No. 291, filed 9/13/19. Additionally, all discovery related to all other topics will close on September 29, 2020. *See* Scheduling Order, Docket No. 262, filed 4/8/19.

On October 3, 2019, Sorensen Defendants filed a Motion to Exclude Experts (Docket No. 296) and a Motion to Strike Expert Reports (Docket No. 297). Additionally, on October 7, 2019, Sorensen Defendants filed a Motion for Summary Judgment (Docket No. 300) requesting the Court to dismiss Relator's claims with prejudice. Sorensen Defendants' Motion for Summary Judgment, along with its other recently filed motions, is dispositive of all of Relators claims.

Sorensen Defendants respectfully requests that this Court enter an order staying discovery, pending the resolution of its motions pending before the Court for two reasons. First,

---

[1] For the purposes of brevity, Sorensen Defendants will not discuss the relevant factual and procedural background that extends beyond Relator's Amended Complaint, Docket No. 289, filed on 8/12/19.

[2] Relator has asked for dates in relation to when it can depose Sorensen Defendants' experts.

this Court has discretion in deciding whether to stay discovery while dispositive motions are pending before the court. Second, it is in the interests of both parties and judicial economy for this Court to stay discovery. Thus, for the following reasons, this Court should grant Sorensen Defendants' Motion to Stay Discovery Pending Resolution of its Motions Before the Court ("this Motion").

## ARGUMENT

### I. LEGAL STANDARD GOVERNING A MOTION TO STAY

Courts have the discretion to "control the disposition of causes of action of its docket with economy of time and effort of itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Thus, a court's decision to stay discovery is discretionary, where "[a] court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Matrix Group, LLC v. Innerlight Holdings, Inc.*, 2012 WL 5397118, *4 (D. Utah Nov. 5, 2012) (citation and quotation marks omitted). *See also Kickapoo Reservation in Kansas v. Nemaha Brown Watershed Joint Dist. No. 7.*, 2013 WL 3821201, * 1 (D. Kan. July 23, 2013) ("Stemming from its authority over its docket, a court has broad discretion in determining whether to grant a motion to stay discovery").

Even though courts will typically refrain from lengthy and unnecessary stays of litigation, district courts have recognized that when a dispositive motion is pending before the court and resolution of the motion may dispose of the entire case, staying discovery can be an appropriate exercise of the discretion of the court. *See Matrix Group, LLC,* 2012 WL at *4; *Profitstreams LLC v. Ameranth, Inc.*, 2011 WL 5024912, *1 (D. Colo. Oct. 21, 2011). Additionally, as

discovery is "time consuming and expensive for both parties and the Court," stays of discovery pending resolution of a dispositive motion are frequently granted. *Barnes v. Harris*, 2013 WL 1737950, * 2 (D. Utah Apr. 18, 2013).

Ultimately, in determining whether the Court should stay discovery pending resolution of a dispositive motion, a court is tasked to exercise its judgment, "which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254. A stay of discovery is not warranted, solely because there is a dispositive motion pending before a court. Rather, "a party must demonstrate a clear case of hardship or inequity." *Matrix Group, LLC*, 2012 WL at *4 (citing *Ben Ezra, Weinstein, & Co v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)) (internal quotations omitted).

**II.     THE COURT SHOULD STAY ALL DISCOVERY PENDING RESOLUTION OF THE MOTIONS BEFORE THE COURT**

Sorensen Defendants will suffer an inequity if discovery can continue while its motions are pending before the Court. Furthermore, Relator would suffer no prejudice if discovery was stayed. And finally, it is in the interest of judicial economy for the Court to grant this Motion.

It would be a clear inequity to require Sorensen Defendants to continue with discovery for three reasons. First, Sorensen Defendants have filed a Motion for Summary Judgment, which argues that Relator's case should be dismissed because there is no genuine dispute as to the material facts of the case and they are entitled to judgment as a matter of law because Relator cannot prove the submission of false claims under the standard of care applied in the Tenth Circuit.

Second, Sorensen Defendants have also filed a Motion to Exclude Relator's Experts (Docket No. 296) and a Motion to Strike Relator's Expert Reports (Docket No. 297). If these motions are

also granted, Relator will not be able to produce any evidence, as is required to bring a claim under the false claims act in the Tenth Circuit. Essentially, if these motions are granted, Relator has no case against Sorensen Defendants and its claims will be dismissed with prejudice.

Third, as expert discovery regarding the issue of standard of care/medical necessity is ongoing, Sorensen defendants will suffer an inequity with having to expend resources on Relator's continued requests for discovery, even though they have no evidence to support their claims. Relator plans on deposing Sorensen Defendants experts before the close of discovery on December 16, 2019. Allowing Relator to conduct depositions of the Sorensen Defendants' experts will require considerable expense for not only the Sorensen Defendants, but also for Relator.

As to Relator, it will not suffer any prejudice by this Court granting this Motion. Rather, by this Court staying discovery until it has resolved Sorensen Defendants' three pending motions, Relator will be saved from unnecessary expenses that will be incurred through conducting unnecessary depositions of Sorensen Defendants' experts.

Additionally, is also in the interests of judicial economy and the convenience of this Court to grant this Motion because with the stay, this litigation will not proceed in a piecemeal fashion, which would occur if discovery can continue. It would also be "wasteful" of the Court's resources to address any potential discovery issues that may arise, while Sorensen Defendants motions are pending before the Court. It is also in the interest of the general public to promote just and efficient litigation that avoids efforts from a court that can be deemed as being wasteful under the circumstances.

## CONCLUSION

For the reasons stated above in this Motion, Sorensen Defendants respectfully requests that this Court order a stay on all discovery until the Court resolves Sorensen Defendants' Motion for Summary Judgment, Motion to Exclude Experts, and its Motion to Strike Expert Reports.

DATED: October 7, 2019

                                         **STIRBA, P.C.**

                                         /s/ Matthew Strout
                                         PETER STIRBA
                                         MATTHEW STROUT

                                         *Attorneys for Defendants Sherman Sorensen, M.D., and Sorensen Cardiovascular Group*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically filed the foregoing **SORENSEN DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTIONS PENDING BEFORE THE COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service.

/s/ Randy Torres