IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GERALD POLUKOFF, M.D.,<br><br>                Plaintiff/Relator,<br><br>v.<br><br>ST. MARK'S HOSPITAL; INTERMOUNTAIN HEALTHCARE, INC.; INTERMOUNTAIN MEDICAL CENTER; SHERMAN SORENSEN, M.D., and SORENSEN CARDIOVASCULAR GROUP,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RULE 56(d) MOTION TO DENY OR DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:16-CV-304-TS-EJF<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff/Relator Gerald Polukoff, M.D.'s ("Relator") Rule 56(d) Motion to Deny or Defer Consideration ("Motion") of the Motion for Summary Judgment filed by Sherman Sorensen, M.D. ("Dr. Sorensen") and Sorensen Cardiovascular Group. For the reasons discussed below, the Court will grant the Motion.

I.  STANDARD

Federal Rule of Civil Procedure 56(d)[1] provides a relief mechanism for a non-moving party in a summary judgment motion, if that party shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to the motion.[2] Rule 56(d) is "designed to

---

[1] "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." FED. R. CIV. P. 56(d) advisory committee's note to 2010 amendment.

[2] *See* FED. R. CIV. P. 56(d).

safeguard against a premature or improvident grant of summary judgment."[3]  In the Tenth Circuit, however, it "does not operate automatically."[4]  Rather, "a party seeking to defer a ruling on summary judgment under Rule [56(d)] must provide an affidavit 'explain[ing] why facts precluding summary judgment cannot be presented.'"[5]  Specifically, the party must identify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[6]  While "[s]peculation cannot support a Rule 56(d) motion,"[7] "[u]nless dilatory or lacking in merit, the motion should be liberally treated."[8]

## II.  DISCUSSION

The Court finds that Relator has met his burden under Rule 56(d).  He supports the Motion with an affidavit of his attorney, David. L. Hobbs.[9]  Through the affidavit, Relator requests additional time to conduct discovery on issues including: medical records for government-paid PFO/ASD closures that Dr. Sorensen performed, Dr. Sorensen's knowledge concerning how these closures squared with medical community standards, his knowledge of

---

[3] *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

[4] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

[5] *Valley Forge Ins. Co., v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Comm. for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992)) (second alteration in original).

[6] *Id.* (alterations in original) (quotation marks omitted).

[7] *FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).

[8] *Comm. for First Amendment*, 962 F.2d at 1522.

[9] *See* Docket No. 332-1.

private insurers denying payment for closures he performed on the basis that they were medically unnecessary, and other probable facts.[10] In the affidavit, Relator also describes when he will likely obtain parts of this information in accordance with the phased discovery schedule, names and/or titles of witnesses he believes will have relevant information, steps he has taken to pursue depositions and other discovery, reasons he has been unable to complete necessary discovery, and how additional time will enable him to rebut arguments for summary judgment.[11] In addition, it does not appear Relator has been dilatory in his discovery efforts.

### III. CONCLUSION

It is therefore,

ORDERED that Relator's Rule 56(d) Motion (Docket No. 332) is GRANTED.

It is Further ORDERED that Defendants' Motion for Summary Judgment (Docket No. 300) is DENIED WITHOUT PREJUDICE.

DATED this 9th day of March, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[10] *See id.* at 3.

[11] *See id.* at 3–6.