FILED
2020 SEP 21
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* GERALD POLUKOFF, M.D.,<br><br>Plaintiff/Relator,<br><br>v.<br><br>SHERMAN SORENSEN, M.D., and SORENSEN CARDIOVASCULAR GROUP,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RELATOR'S EXPEDITED MOTION TO COMPEL NON-PARTY THE UNIVERSITY OF UTAH TO PRODUCE DOCUMENTS WITHHELD BASED ON ASSERTED PRIVILEGE (DOC. NO. 520)<br><br>Case No. 2:16-cv-00304-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Relator's Expedited Motion to Compel Non-Party the University of Utah to Produce Documents Withheld Based on Asserted Privilege ("Motion"), (Doc. No. 520). In this case, United States of America *ex rel.* Gerald Polukoff, M.D., ("Relator") alleges, among other things, that Defendant Sherman Sorensen, M.D., and Defendant Sorensen Cardiovascular Group ("SCG") (together, the "Sorensen Defendants") submitted claims for patent foramen ovale ("PFO") and atrial septal defect ("ASD") closures and related procedures which were medically unnecessary in violation of the False Claims Act. (Fourth Am. Compl. ¶ 2, Doc. No. 529.) The dispute central to the motion is whether the University of Utah must disclose eleven documents withheld based on Utah's peer-review privilege[1] that would otherwise be responsive to a subpoena issued by the Relator. (Mot. 2, Doc. No. 520; Mem. in Opp'n to Relator's Expedited

---

[1] The privilege is also known as the "care review privilege." *See Wilson v. IHC Hosps., Inc.,* 2012 UT 43, ¶ 113, 289 F.3d 369.

Mot. to Compel the University of Utah to Produce Docs. ("Opp'n") 1–2, Doc. No. 534.) Having considered the parties' briefing, the court GRANTS the Motion for the reasons set forth below.

## BACKGROUND

Relator served a subpoena on the University of Utah on April 9, 2020. (*See* Mot. 2, Doc. No. 520; Ex. A to Mot., Subpoena, Doc. No. 520-1.) The University of Utah produced some documents responsive to the subpoena but withheld approximately eleven documents based on its assertion of peer-review privilege. (Mot. 2, Doc. No. 520; Opp'n 2, Doc. No. 534.) These eleven documents include emails from June to September of 2011 "relating to the credentialing and privileges sought by Dr. Sherman Sorensen at the University of Utah Hospital" and addressing Dr. Sorensen's "medical practice of performing PFO/ASD closure procedures." (*See* Ex. B to Mot., Decl. of G. Brown, ¶¶ 9, 13, Aug. 14, 2020, Doc. No. 520-2.)

The Relator seeks to compel the withheld documents for a variety of reasons. To his understanding, the withheld documents relate to the University of Utah's "decision-making as to Dr. Sorensen['s] medical credentialing and privileges in 2011 based on his practice of performing PFO/ASD closures." (Mot. 2, Doc. No. 520.) The Relator suspects these documents constitute "highly relevant evidence to issues such as scienter, indications from which Dr. Sorensen performed PFO/ASD closures, and whether performing them in this manner was an accepted standard of medical practice in the Utah medical community." (*Id.* at 2–3.) In support of his motion, the Relator relies primarily on the reasoning of a prior order granting his motion to compel documents withheld by the Sorensen Defendants based on their assertion of the peer-review privilege. (*See* Mot. 3, Doc. No. 520 (citing Mem. Decision and Order Granting Relator's Mot. to Compel Production of Docs. Withheld by the Sorensen Defs. Based on

Asserted Privilege ("January 17 Order"), Doc. No. 404).) Following the reasoning of the January 17 Order, the Relator argues Utah's peer-review privilege is inapplicable in a federal question False Claims Act case and maintains his interest of obtaining evidence in a False Claims Act case outweighs the interests behind Utah's peer-review privilege. (Mot. 3, Doc. No. 520.) Alternatively, the Relator argues the University of Utah cannot meet its burden of showing the privilege applies. (*Id.*)

In opposition, the University of Utah details why the peer-review privilege should apply to the withheld documents, supporting its assertions with a declaration from Scott Smith, Associate General Counsel for the University of Utah, who personally reviewed the documents. (Opp'n 1–2, Doc. No. 534; *see also* Decl. of S. Smith, ¶¶ 1–13, Sept. 10, 2020, Doc. No. 535.) The University of Utah argues the January 17 Order is inapplicable. (Opp'n 4, Doc. No. 534.) Specifically, it points out that the Sorensen Defendants failed to provide any evidence that the withheld documents met the statutory requirements of the peer-review privilege. (*Id.*) In contrast, the University of Utah contends it has provided adequate evidence showing the applicability of the privilege, through the declaration of Mr. Smith. (*Id.*) However, the University of Utah does not discuss the applicability of Utah's peer-review privilege in a federal question case. (*Id.* at 3–4.)

## **DISCUSSION**

The court first considers whether the University of Utah has met its evidentiary burden showing the peer-review privilege applies to the withheld documents. Second, the court considers the applicability of the privilege to this case.

Utah's peer-review privilege covers "interviews," "reports," "statements," "memoranda," and "other data relating to the condition and treatment of a person" that are provided to "peer review committees," "professional review organizations," . . . and "any health facility's in-house staff committee" for the purpose of "(a) study and advancing medical research, with the purpose of reducing the incidence of disease, morbidity or mortality; or (b) the evaluation and improvement of hospital and health care rendered by hospitals, health facilities, or healthcare providers." Utah Code Ann. § 26-25-1. "All information, interviews, reports, statements, memoranda, or other data" falling under these requirements "are privileged communications and are not subject to discovery, use or receipt in evidence in any legal proceeding of any kind or character." *Id.* § 26-25-3. The University of Utah must show the privilege applies to the withheld documents. *See* Fed. R. Civ. P. 26(b)(5). In the context of the peer-review privilege, it must show the documents withheld were prepared specifically for purposes of peer review. *See Wilson v. IHC Hosps., Inc.,* 2012 UT 43, ¶ 115, 289 P.3d 369 ("[T]he party asserting the privilege must provide an adequate evidentiary basis to show that the documents were prepared specifically to be submitted for review purposes." (internal quotations omitted)).

The University of Utah has met this initial evidentiary burden. Mr. Smith attests the withheld documents are communications between members of the University of Utah's Credentials and Privileging Committee and either Heidi Thompson, the Director of the Medical Staff Office at the University of Utah Hospital, or Dr. Daniel Clegg, Chair of the University of Utah Hospitals and Clinics' Credentials and Privileging Committee. (Decl. of S. Smith, ¶ 9, Doc. No. 535.) The Credentials and Privileging Committee "is an in-house staff committee for the University of Utah's Hospitals and Clinics[] and operates as a peer review committee and a

4

professional review organization." (*Id.*, ¶ 10.) The withheld documents contain information about the "condition and treatment of specific" patients. (*Id.*, ¶ 11). They were provided to the Credentials and Privileging Committee for the purpose of "reducing the incidence of disease, morbidity, or mortality, and for the evaluation and improvement of healthcare rendered by hospitals, health facilities, and healthcare providers." (*Id.*, ¶ 12). Based on these representations, the court finds the withheld documents fall under the rubric of Utah's peer-review privilege. However, this finding does not end the inquiry.

      The next question is whether Utah's peer-review privilege applies in this particular case. Privileges in federal question cases are governed by the common law as "interpreted by United States courts in the light of reason and experience," except as otherwise required by the Constitution, a federal statute, or a federal rule. Fed. R. Evid. 501; *see also United States v. Burtrum*, 17 F.3d 1299, 1302 (10th Cir. 1994) ("In adopting Rule 501, Congress preserved privilege law as it then existed in federal court rather than incorporating state law privileges in . . . federal question cases."). "The United States Supreme Court has cautioned against expanding the role of privileges in discovery." *P.J. v. Utah*, 247 F.R.D. 664, 671 (D. Utah 2007) (citing *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990)). While Rule 501 allows for "flexibility to develop rules of privilege on a case-by-case basis," courts should "strictly construe[]" privileges and decline to exercise the authority provided in Rule 501 expansively. *Univ. of Pa.*, 493 U.S. at 189 (internal quotations omitted).

      Neither the Supreme Court nor the Tenth Circuit has recognized a federal peer-review privilege. Most federal courts addressing the issue have declined to adopt a federal peer-review privilege, including this district. *See P.J.*, 247 F.R.D. at 671 (holding "that the peer/care review

privilege does not apply"); *see also United States v. Aurora Health Care, Inc.*, 91 F. Supp. 3d 1066, 1068 (E.D. Wis. 2015) (summarizing cases); *Cox v. Glanz*, No. 11-cv-457-CVE-FHM, 2012 U.S. Dist. LEXIS 71467, at *3 (N.D. Okla. May 22, 2012) (unpublished) ("Based on the absence of a federal statutory peer review privilege and the weight of case authority, the court finds that the [withheld document] is not protected from discovery in this federal question case."). Likewise, no federal statute protects peer-review documents from discovery. *See Aurora*, 91 F. Supp. 3d at 1068 (summarizing some protections from liability for participants in the peer-review process under the Health Care Quality Improvement Act of 1986 but finding none of these protections create a discovery privilege).

The court weighs the rationale for adopting the privilege against the need for document disclosure. *See Univ. of Pa.*, 493 U.S. at 189 ("We do not create and apply an evidentiary privilege unless it promotes sufficiently important interests to outweigh the need for probative evidence"). The Relator argues the court should decline to recognize a peer-review privilege because "the national interests of the [False Claims Act] outweigh" the interests behind Utah's peer-review privilege. (Mot. 3, Doc. No. 520.) Notably, the University of Utah does not address the applicability of Utah's peer-review privilege in the context of federal question litigation at all. (Opp'n 3–4, Doc. No. 534.) Nor does it make any argument as to why the purpose of the privilege outweighs the Relator's expressed need for the withheld documents. (*Id.*)

The court finds *United States v. Aurora Health Care* informative since, there, the court considered the application of Wisconsin's peer-review privilege in the context of discovery sought in a False Claims Act case. 91 F. Supp. 3d at 1067. The *Aurora* court declined to recognize a peer-review privilege because the documents at issue "could shed light on whether

[the defendant] knew that some of its physicians were submitting false claims to federal healthcare programs." *Id.* at 1069. It also found the defendant had not shown how disclosing the documents would "undermine the peer-review process."[2] *Id.* Similarly, here, the documents the University of Utah has withheld might very well help the Relator establish whether the Sorensen Defendants were submitting false claims. And the University of Utah has made no attempt to show how disclosure of these documents could or would do anything to undermine its peer-review processes.

      Having considered the Relator's argument that the withheld documents may be critical to proving his case, the bulk of case law declining to adopt a federal peer-review privilege, the January 17 Order, and the University of Utah's silence on why a state peer-review privilege should be adopted in a federal question case, the court finds "reason and experience" do not support recognizing the University of Utah's application of peer-review privilege to the withheld documents. *See* Fed. R. Evid. 501.

---

[2] The analysis in *Aurora* is consistent with this court's prior analysis of this same issue as it related to the Sorensen Defendants in the January 17 Order. There, the court found that "[p]ermitting the application of Utah's state-law care review privilege to this [False Claims Act] case would come with a high cost—specifically, the government, through the relator, would be blocked from accessing evidence potentially pertinent to the alleged fraudulent practices at issue." (Jan. 17 Order 6, Doc. No. 404.)

## CONCLUSION

For the foregoing reasons, the court GRANTS the Relator's Motion to Compel Non-Party the University of Utah to Produce Documents Withheld Based on Asserted Privilege (Doc. No. 520).

DATED this 21st day of September, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge